UNITED STATES DISTRICT COURT
EASTERN DISTRCIT OF NEW YORK
-----------------------------------------------------------x
OTONIEL CASTILLO RECINOS,
        Pro Se-Plaintiff,

Index No.: 11-cv-5663 (SJF)

-against-

**AMENDED COMPLAINT**
**JURY TRIAL DEMAND**

MICHAEL SPOSATO, Individually and in his
Official Capacity as Sheriff of Nassau County;
JOHN DOE, Individually and in his Officially
Capacity as Warden of Nassau County; and
JOHN DOE, Individually and in his Official
Capacity as Superintentdent of Nassau County's
Jail,
                        **Respondents.**
-----------------------------------------------------------x

## "COUNT I"

1. Plaintiff is a Citizen of the State of New York, and a resident of this judicial district.

2. Defendant MICHAEL SPOSATO, JOHN DOE's are all Citizens of the State of New York.

3. This action arises under Title 42 of the United States Code, 1983, and the Court has jurisdiction of the action under Title 28 of the United States Code, 1343.

4. At all times Pertinent to this Complaint, Defendant MICHAEL SPOSATO, is a member as the Nassau County Sheriff, of the Sheriff's Department. His duties, as defined by law, included the promulgation and adoption of rules and regulations and general and special orders for the governace of the Nassau County Sheriff's Department and including the policies, procedures, and

RECEIVED
FEB 2012
PRO SE OFFICE

practices described herein; Defendant JOHN DOE, who's name is presently unknown to Plaintiff is the Warden of Nassau County's Sheriff's Department, County of Nassau, and as such, is and has been, responsible for the promulgation and implementation of Sheriff's policies, procedures and practices in the County of Nassau, including the policies, procedures and practices of sanitation, safety and health of all pretrial detainees and inmates who are convicted in the custody of Nassau County's Sheriff's Department; Defendant JOHN DOE, who's name is presently unknown to Plaintiff is the Superintendent of the Nassau County Correctional Center (NCCC), and is responsible for implementation of all applicable laws of Sheriff's policies, procedures and regulations at the Nassau County Sheriff's Department.

5. Plaintiff is incarcerated at the NCCC on housing unit E2-D from approximately November 2011, and present of this complaint.

6. At the time of filing of this lawsuit, Plaintiff is a pretrial detainee at the NCCC where he was housed on E2-D. Plaintiff filed this action under 42 U.S.C. 1983, alleging the Defendants violated his consitutional rights. This complaint seeks compensatory, and punitive damages, as well as injunctive relief.

7. At all times herein mentioned, on or about February 17, 2011, an inspection was done at NCCC due to complaints filed from plaintiff, and (other inmates), and also based upon the case of Solomon v. Nassau County Jail, filed in this Court regarding the unsanitary conditions that subjected Plaintiff, and (other inmates), to serious harms.

8. Plaintiff is housed on E2-d housing unit for 1 month. And during this month, Plaintiff cell that is filthy, has incrusted human feces on the walls of the cell, in which the housing unit

officer's will not pass out any cleaning materials as requested, to clean the living area of the cell, or even paint or repair the walls with these feces stains.

9. Plaintiff learned that there is numerous mice droppings and roaches in his cell, as well as every (other inmate) who housed on the unit, in which the Defendants ignored these complaints filed by the Plaintiff and (other inmates) of these mice droppings on my bed and on the floor of these cells herein mentioned. And failed to correct the problems, that resulted Plaintiff of being sick of fumes of mice feces in his cell.

10. Plaintiff is also subjected to freezing temperatures throughout the winter during his confinement on E2-D, housing unit. There is inadequate heating throughout the whole unit, for the past two years, as inspection reports stated. The cells are well below the 50 degrees mark, and due to the cold cells Plaintiff requested, as (other inmates) for extra blanket, and to fix the heating problems, in which Defendant's(subordinate personnel) ignored these request to fix the problem or supply plaintiff and (other inmates) with extra blankets, that caused Plaintiff to become sick with colds throughout these confinement.

11. That the food preparation and service by the Defendants at the NCCC is unhealthy, and unsanitary:

   That Plaintiff learned on or about September 19, 2011, the NCCC kitchen was shut down due to an inspection, and complaint of an inmates who found mice droppings and insects infested in their foods, and because of these infestations the quantity and quality of food for the past two months have been below the nationally recommended, based food diet allowance for Plaintiff, and (other inmates) at the NCCC.

12. Plaintiff and (other inmates) are getting very sick from starvation based upon, Defendants will not fix the problems in the kitchen area at the NCCC, in which they need to repair and replace the ovens as required, that was inspected with bacteria areas of mice droppings and roaches. Defendant's response is, "when the material arrives inmates here at the NCCC will eat bettter."

13. Plaintiff and (other inmates) breakfast consists of one box of Corn Flakes of 23 grams that have 90 calories, one 1/2 pint of Fat Free milk that has 90 calories, and one slice of bread that consists of 2 calories.

14. That five hours later, lunch meal consists of a small bowl of salad, and one slice of bologna between two slices of bread, that consists of 50 calories. And four hours later dinner meal consisted of a small bowl of noodles and no meat, and one slice of bread that consists of 115 calories.

15. That overall, Plaintiff and (other inmates) are well under the 2,000 calorie based food diet that's unwholesome, as well as poorly prepared by Defendants. Attached as exhibit 1 is a example as a breakfast meal.

16. Plaintiff has further learned that Defendants housed a seriously ill HIV positive inmate with unsuspecting healthy inmates, including Plaintiff in E2-D housing unit.

17. Inmate, Edward Vaiana, CC# 11006713 has been living on the unit for several months as NCCC records shows, that he even admitted to Plaintiff and Defendants he respectfully has full blown AIDS, and he requested to Defendants to be moved to a medical unit, and Defendant ignored his request, and knowingly put Plaintiff and other inmates at risk, and to prevent the

spread of this infectious disease. Although, Plaintiff is not prejudice about Vaiana having AIDS, these conditions pose an unreasonable risk of serious harm to Plaintiff and (other inmates) future health and safety respectfully.

18. That Plaintiff filed unsuccessful grievances, and had inadequate responses to the complaints about theses conditions herein mentioned that are being ignored by Defendants. See attached (grievance forms as Exhibit 2)

## "COUNT II"

19.    1-18. Plaintiff herein realleges and incorporates by reference paragraphs 1 through 18 of the first count in this complaint, and each and every allegation contained in such paragraphs, as fully set forth herein.

20. The policies, procedures, practices, and acts of the Defendants alleged in paragraphs 1-18, above, violated the rights of Plaintiffs under the Eight and Fourteenth Amendments of the Consititution of the United States, and therefore, are violative of Title 42 U.S.C. 1983 as follows:

   (a) The guarantee of humane conditions of confinement found in the due process clause of the Fourteenth Amendment for pretrial detainees, and in the cruel and unusual punishment clause of the Eight Amendment of convicted inmates of the Plaintiff.

   (b) The unsanitary cell with incrusted human feces, on the wall, and mice droppings and roaches constituted rights of Plaintiff's Eight and Fourteenth Amendment rights.

   (c) Mice droppings in cells of Plaintiff constituted a serious health hazard that Plaintiff should not be forced to exposure of mice feces in his cell that violated Plaintiff's Eight and Fourteenth

Amendment rights.

(d) That Plaintiff should not be subjected to inadequate heating throughout Plaintiff's confinement that subjected Plaintiff to a cold cell for months constituted subtantial risk of serious harm of Plaintiff's Eight and Fourteenth Amendment rights.

(e) That Plaintiff was subjected to eat below the basic calorie food diet that was unwholesome and poorly prepared by Defendants that Defendants knew of and disregarded an excessive risk to Plaintiff, that created deliberate indifference under the Eight and Fourteenth Amendment rights.

(f) Plaintiff was further subjected by Defendants by puttting and knowingly, a inmate that tested positve of a disease called AIDS, that pose an unreasonable risk of serious harm to Plaintiff's future health and safety under Eight and Fourteenth Amendment rights.

21. Plaintiff herein realleges and incorporates by reference paragraph 20 of the First Cause of Action of this Complaint, and each and every allegation contained therein, as though fully set forth herein.

**WHEREFORE,** Plaintiff, under both Counts of this Complaint, Prays this Court award actual damages of $40 million dollars in Punitive damages, and $40 million dollrs in Compensatory damages against each and every Defendant jointly and severally. Cost, and such other relief as the Court deems just.

Dated Nassau County, New York
December 2C, 2011.

Respectfully Submitted,

(Signature) Castillo Recinos Otoniel

(Print Name): Otoniel, Castillo Recinos
CC#: 11001548  LOC.: 32
Nassau County Correctional Center
100 Carman Avenue
East Meadow, New York 11554-1146

COUNTY OF NASSAU

# GRIEVANCE UNIT

**To:** Inmate Lynch, Rickey
CC# 11010644
E02-D29

**From:** Inmate Grievance Unit

**Date:** Tuesday December 27, 2011

**Subject:** Grievance # 173-12-11

Pursuant to New York State Minimum Standards Section 7032.4 (f): a Grievance that is too vague to understand or fails to set forth supporting evidence or information maybe returned to the inmate. Failure to supply sufficient information or evidence within two days shall be cause to deny the Grievance.

<u>Please provide more details as indicated so that we can provide you with a complete and thorough investigation.</u>

- Please explain why you think the food is not nutritionally and a danger to your health as well as other inmates?
- <u>Have you addressed the officers on the floor, if so who?</u>

*Collins #2261*

You may submit a corrected / completed grievance form using grievance # 173-12-11.

C/O Marcolini
Inmate Grievance Unit

---

*Please answer all 4 questions Thank you*

*The food that being provided is not nutritionally adequate food that being prepared and served under conditions for the past two months. The food is unappetizing and unwholesome and poorly prepared, and unsanitary. The quantity and quality of food is below nationally recommended food allowances for inmates, and endangering their health "as well as mind."*

*(Please see attached additional sheet of paper)*

NC 5040. Rev. 1/84

"Several times", the bread has visible "mold spores", and the dinner meals, for over the past "two months", is lacking meats, and unsanitary being served-up at the Nassau County Correctional Center kitchen, which is full of "Roaches, Mice's and other's kinds of insects, that includes unsafe building materials, consisting of lead and asbestos. On or about December 23, 2011, at approximately 4:30 p.m., inmate Rafael at the dinner meal, found "three cook roaches in his food, in which we told the housing unit officer's "Collins" about these findings, on E2-D as required. Thereafter, the food was return to the kitchen, based upon those findings.

Wherefore, these are the reason's, with good cause that the food is not nutritionally and clearly endangering my health, as well as every other inmates who consume it. I, inmate Rickey Lynch, being duly sworn deposes and says: that the above statement I told to officer Collins is true, correct.

State of New York )
County of Nassau ) ss.:

Sworn to before me this
4 day of January, 2012.
_____Carmine Pulgrano_____
Notary Public

CARMINE PULGRANO
Notary Public, State of New York
No. 01PU6094168
Qualified in Nassau County
Commission Expires June 16, 2015

Respectfully Submitted
By: _____Rickey Lynch_____
Rickey Lynch CC# 11010644
Nassau County Correctional Center
100 Carman Avenue
East Meadow, N.Y. 11554

I, __Chonial Castillo Recinos__, date of birth __11/20/82__, am giving the following statement of my own free will, under no duress, having received no promises or threats. The following affirmation is my statement of facts and events, and I swear the following to be true, to the best of my knowledge under penalty of perjury:

I am an inmate at Nassau County jail, and I have been living in (E.2.D.32) for several months. My biggest complaint is that food is very poor with basically no nutricional value to it. We have found cockroaches in the food, and my cell is infested with a lot of them. The walls in my cell have been very dirty since I've moved in. I have asked for cleaning supplies to clean it but some (C.Os) answers is the county does not have money to provide such paid cleaning supplies. In general the conditions of the jail specially my dorm E.2.D are very poor, making this place no so pleasant to live in the reason I said this is because I did time in New Mexico and the conditions and food there were incomparable to this jail.

Dated: East Meadow, New York
       January 3rd, 2012.

I, declare(certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Respectfully Submitted,

__Chonial Castillo Recinos__
(Signature)

Print name: __Chonial Castillo Recinos__

Address: __100 Carman Avenue__
__East Meadow N.Y.__
__11554__

## "SWORN AFFIRMATION"

To: Clerk of U.S.D.C.,EDNY
    100 Federal Plaza
    Central Islip, NY 11722-4438
    Pro Se Office

CV /2-0/6/ (JFB)(ETB)

I, Daniel Castillo Recinos, do hereby affirm that the following information is true and correct:

The Nassau County Correctional Center(NCCC) enforces deliberate methods of circum-vention which which prohibits its detainees from contact with their respective attorney's, via the telephone, during regular business hours:   The Plaintiff, a _____ detainee, here at NCCC as well as all other detainees in general population, are permitted out of the cells <u>only</u> during the hours of 8:30a.m.-10:00a.m.;  1:00p.m.-3:00p.m.;  and 6:30p.m.-10:00p.m. *"Totaling a period of just <u>7 hours</u> per day. Which is routine pratice, and/or normal procedure of everyday operations here at NCCC."*

Telephone lines here at NCCC are turned on at 10:00a.m.  Yet, because we also lock-in at 10:00a.m., we are not permitted use of the telephones until later in the day at 1:00p.m. "Attorneys are likely to be reached at their office at approximately 9:00a.m., 12:00p.m., and/or 5:00p.m." However telephone service here at NCCC is <u>not</u> available to the inmate population during these hours.

In addition, <u>no</u> collect telephone calls can be placed from any of NCCC's housing unit telephone lines, three-way calling is strickly prohibited.  The only way to place a telephone call

from any of NCCC's housing unit telephones is to have the party you are calling set up an expense account through the jails telephone service provider. If not; all detainees housed here at NCCC are unable to place telephone calls.

The everyday practices, procedures, and/or policies enforced here at NCCC are particularly troubling when I, a _____ detainee, have to reach my attorney via the telephone. This, in my belief, indubitably serves as another example of NCCC's routine practices of *"deliberate indifference"* towards their inmate population.

**WHEREFORE,** this sworn affirmation now comes before your Honorable Couurt in support of the Pro Se Plaintiff's Amended Complaint Pursuant to an action under Title 42 U.S.C. 1983; submitted of Plaintiff's own free will and is just and true.

Dated: East Meadow, New York
      January 7, 2012.

                                          Respectfully Submitted,

                                          *Castillo Reunes Okeniel*
                                               *(Signature)*

                            Print Name: Okoniel Castillo Reunes
                            CC#: 11001548    Loc.: S-2-D 32
                            Nassau County Corr. Center
                            100 Carman Avenue
                            East Meadow, NY 11554-1146

# Armor Correctional Health, Inc

## SICK CALL REQUEST

**FROM: (PLEASE PRINT)**

Castillo Recinos Otoniel                     11001548
(Inmate Name)
(Nombre) (Non)                                                (ID #)

11-20-82            2-2-D-32            12-24-11
(Date of Birth)      (Localidad)         (Fecha)
(Fecha de Nacimiento) (Lojman)          (Dat)
(Dat Nesans Prizonye a) (Housing Unit/Cell#) (Date / Time)

**PROBLEM: (BE SPECIFIC)**
**PROBLEMA:**
**PWOBLE'M:** I have not been feeling well lately because I have a headdache and stomach pain vomiting. Also I have a severe fungus in my face. I need to see Medical assitend. A.S.A.P.

**TRIAGE DECISION BY NURSING STAFF** (Only check ONE box below)

☐ Urgent: _____              ☐ Refer to Behavioral Health: _____

☐ Referral to HCP: _____    ☐ Refer to Nurse Sick Call: _____

☐ Refer to Dental: _____

☐ Call Provider w/ Assessment: Temp ____ Pulse ____ Resp ____ BP ____ Wt ____

☐ Other

PT-005          (White Copy – Inmate Medical File   Yellow Copy – Inmate)          Revised 09/20/07