UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
WALTER LEE ANDERSON, et al.,

                Plaintiffs,

-against-

MICHAEL SPOSATO, individually and in his
official capacity as Sheriff of Nassau County,
et al.,

                Defendants.
----------------------------------------------------------X

MEMORANDUM AND ORDER
11-cv-5663 (SJF)(WDW)

FILED
IN CLERK'S OFFICE
US DISTRICT COURT EDNY
★ JUL 18 2012 ★
LONG ISLAND OFFICE

FEUERSTEIN, District Judge:

On March 9, 2012, incarcerated *pro se* plaintiff Mauricio Flores ("Flores") filed a complaint against "Armour Correctional Health Care Inc." ("Armour"); Michael Sposato, as sheriff of the Nassau County Correctional Center ("NCCC"); "John Doe," as warden of the NCCC; and "John Doe" as superintendent of the NCCC (collectively, "defendants"). By order dated March 21, 2012: (a) this action was consolidated with numerous other actions challenging the prison conditions purportedly existing at the NCCC; (b) Flores's application for leave to proceed *in forma pauperis* was granted; and (c) the United States Marshal Service ("USMS") was directed to serve summonses and the complaint, together with a copy of the March 21, 2012 order, upon defendants. On May 31, 2012, the summonses were returned executed as to all defendants except "Armour" and the summons was returned unexecuted as to "Armour" with the notation that "Armour" would not accept service of process at the NCCC and that service must be made upon it at its corporate office located in Florida. (Doc. No. 7). The summons was reissued as to "Armour" on June 15, 2012, but has not been returned, either executed or

1

unexecuted, to date.

I.  Rule 4(m)

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

"Armour" was not served within one hundred twenty (120) days after Flores filed his complaint, i.e., by July 12, 2012. In Romandette v. Weetabix Co., 807 F.2d 309, 311 (2d Cir. 1986), the Second Circuit held that "an incarcerated *pro se* litigant proceeding *in forma pauperis*, * * * [is] entitled to rely on service by the [USMS]." However, the Second Circuit has recently limited Romandette's holding to situations in which "a plaintiff proceeding [*in forma pauperis*] * * * advise[s] the district court that she is relying on the [USMS] to effect service and request[s] a further extension of time for them to do so." Meilleur v. Strong, 682 F.3d 56, 63 (2d Cir. 2012). Although Flores has neither advised this Court that he is relying upon the USMS to effect service upon "Armour," nor requested an extension of time for them to do so, given his incarceration and *pro se* status, as well as the fact that less than two (2) months have passed since the Second Circuit's decision in Meilleur, I find that Flores has good cause for the failure to effect service upon "Armour" within the time prescribed by Rule 4(m). Accordingly, Flores's time to effect service upon "Armour" is extended **until October 18, 2012.**[1] Should the USMS be unsuccessful

---

[1] I am providing such a lengthy extension of time because, as set forth below, I am granting Flores leave to file an amended complaint correcting the potential mislabeling of "Armour" as a defendant.

2

in effecting service upon "Armour" by that date, Flores's complaint will be dismissed as against "Armour" without prejudice pursuant to Rule 4(m) unless Flores requests a further extension of time to effect service.

II.     Amendment of Complaint

Rule 15(a)(1) of the Federal Rules of Civil Procedure provides that "[a] party may amend its pleading once as a matter of course within (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b)(e), or (f), whichever is earlier." Rule 15(a)(2) provides that "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Since defendants, with the exception of "Armour," filed a responsive pleading on June 4, 2012, Flores may amend his complaint only with leave of court or upon the consent of defendants.

In his complaint, Flores, *inter alia*, names "Armour" as a defendant and identifies "Armour" in the body of the complaint as "a provider [of the nursing staff] for the jail at 'NCCC' * * *." (Compl., ¶ IV). In the likely event that "Armour" is a misnomer for Armor Correctional Health Services, Inc., the entity which provides health services to inmates at the NCCC, Flores is directed to file an amended complaint correcting the identity of that defendant on or before **August 20, 2012.** See, e.g. Vadenais v. Christina, 325 F.2d 157, 158 (2d Cir. 1963) (holding that where there is a misnomer in the caption of the action, the plaintiff should move pursuant to Rule 15 of the Federal Rules of Civil Procedure to correct the misnomer); Garg v. Winterthur, 525 F.Supp.2d 315, 317 (E.D.N.Y. 2007) (ordering the plaintiff to amend the summons and

complaint to correct the name of the defendant); United States v. Edwards, 241 F.R.D. 146, 148-49 (E.D.N.Y. 2007) ("A case caption that erroneously misidentifies a party may of course be amended with the permission of the court * * * pursuant to Fed. R. Civ. P. 15 * * *." (quotations and citation omitted)); In re Scient, Inc., Adv. No. 03-2377, 2007 WL 594906, at * 10 (Bankr. S.D.N.Y. Feb. 22, 2007) (*sua sponte* ordering the plaintiff leave to amend its pleadings to correct the name of the mislabeled defendant).[2]

SO ORDERED.

s/ Sandra J. Feuerstein

SANDRA J. FEUERSTEIN
United States District Judge

Dated: July 18, 2012
Central Islip, New York

---

[2] Although some courts have permitted constructive amendment of pleadings mislabeling a defendant to correct the identification of the party, I agree with the Honorable I. Leo Glasser, Senior United States District Judge, in Edwards, 241 F.R.D. at 149, that there is "no basis in the text of Rule 15(a) or in the rulings of the Second Circuit upon which to permit," id., such constructive amendments, particularly where, as here, the mislabeled defendant has not appeared or otherwise answered the complaint. Unless a party can be substituted by operation of law, e.g., pursuant to Rule 25 of the Federal Rules of Civil Procedure, it is not for the Court to determine, in the first instance, the identity of the defendant which it believes the plaintiff intended to sue, no matter how apparent it may seem from the face of the pleadings.