FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★ FEB 1 1 2013 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
WALTER LEE ANDERSON, et al.,

                Plaintiffs,

-against-                                     11-CV-5663 (SJF)(WDW)

MICHAEL SPOSATO, individually and in his official    **ORDER**
capacity as Nassau County Sheriff, et al.,

                Defendants.
----------------------------------------------------------------X
FEUERSTEIN, District Judge:

By Order dated February 13, 2012 (the "Consolidation Order"), *inter alia*: (a) thirty-three (33) complaints brought by incarcerated *pro se* plaintiffs pursuant to 42 U.S.C. § 1983 ("Section 1983") challenging the conditions at the Nassau County Correctional Center ("NCCC") were consolidated for all purposes to proceed under the lead case, Anderson, et al. v. Sposato, et al., No. 11-CV-5663; and (b) all subsequently filed *pro se* actions relating to the subject matter of the consolidated action were directed to be consolidated under the lead case docket number. In light of the number of plaintiffs in this consolidated action, all of whom are not represented by counsel and many of whom are currently incarcerated, the Court cannot schedule a pretrial conference or issue a discovery order pursuant to Rule 16 of the Federal Rules of Civil Procedure. Accordingly, it is hereby,

ORDERED that each plaintiff shall **file with the Court on or before March 11, 2013**: (a) no more than twenty-five (25) proposed written interrogatories per each defendant named in that plaintiff's original complaint pursuant to Rule 33 of the Federal Rules of Civil Procedure and (b) requests for the production of documents pursuant to Rule 34 of the Federal Rules of

1

Civil Procedure. Any plaintiff who does not file proposed written interrogatories or document demands in accordance with this Order shall be deemed to have waived his right to seek discovery in this consolidated action. The Court will review the proposed written interrogatories and document demands received by March 11, 2013, consolidate all proper interrogatories and document demands into one (1) written document and serve the consolidated interrogatories and document demands upon defendants; and it is further,

ORDERED that defendants shall serve upon each plaintiff their answers and any objections to the consolidated interrogatories and document demands in accordance with Rules 33(b) and 34(b) of the Federal Rules of Civil Procedure; and it is further,

ORDERED that defendants shall serve upon any plaintiff(s) **on or before March 11, 2013**: (a) no more than twenty-five (25) written interrogatories pursuant to Rule 33 of the Federal Rules of Civil Procedure and (b) requests for the production of documents pursuant to Rule 34 of the Federal Rules of Civil Procedure; and it is further

ORDERED that any plaintiff upon whom a defendant has served interrogatories or document demands must serve his responses thereto upon the demanding defendant(s) **on or before April 15, 2013**; and it is further,

ORDERED that defendants shall send any HIPAA-compliant records authorizations to plaintiffs **no later than March 4, 2013** and that any plaintiff receiving such authorizations must complete and return them to the serving defendant **on or before March 18, 2013**; and it is further,

ORDERED that **on or before June 24, 2013**, each party shall file with the Court written narrative statements of the facts he or she anticipates presenting at trial through the testimony of

witnesses or documentary evidence, including a list of all exhibits he or she intends to introduce into evidence at trial, a list of the names and addresses of all witnesses he or she intends to call at trial and a written summary of the anticipated testimony of each witness. **Any evidence or witness not fully and accurately disclosed in this narrative statement will be excluded at the trial**; and it is further,

ORDERED that any discovery disputes shall be promptly brought to the attention of the assigned magistrate judge pursuant to his individual rules or will be deemed waived; and it is further,

ORDERED that all discovery shall be completed **by June 28, 2013**; and it is further,

ORDERED that no extensions of the discovery deadline, or any other deadline set forth herein, will be granted absent extraordinary circumstances. Any application seeking an extension of any of the deadlines set forth herein must be directed to me; and it is further,

ORDERED that any dispositive motions (not pertaining to discovery) shall be served upon each party in accordance with my individual rules **on or before July 29, 2013**; and it is further,

ORDERED that any opposition to any dispositive motion served in accordance with this Order shall be served upon each party in accordance with my individual rules **on or before September 3, 2013**; and it is further,

ORDERED that any reply to any opposition to a dispositive motion served in accordance with this Order shall be served, and the fully briefed motion(s) shall be filed with the Court, **on or before September 17, 2013**; and it is further,

ORDERED that the trial of the consolidated action shall be held before me **on January**

3

**6, 2014 at 10:00 a.m.** No adjournment of the trial date will be granted absent extraordinary circumstances; and it is further,

ORDERED that every pleading, motion, narrative statement, set of interrogatories, document demand, objection to requested discovery, response thereto, and every other paper filed in this action shall be signed by the party or party's attorney as provided in Rule 11 of the Federal Rules of Civil Procedure; and it is further,

ORDERED that the Clerk of the Court shall serve a copy of this Order, together with a copy of the attached discovery packet, upon all parties to the consolidated action.

**The parties are advised that any failure to serve responses to interrogatories or document demands in accordance with this Order, or to otherwise comply with this Order, may result in the imposition of sanctions pursuant to Rule 37(b)(2) of the Federal Rules of Civil Procedure, including,** *inter alia*, **an order precluding such party from testifying or introducing any evidence at trial and/or dismissing his complaint.**

SO ORDERED.   s/ Sandra J. Feuerstein

                                            Sandra J. Feuerstein
                                            United States District Judge

Dated:       February 11, 2013
              Central Islip, New York

# DISCOVERY

Discovery is the process of collecting the evidence necessary to support a claim or defense. During discovery, you may uncover relevant facts and identify documents and witnesses whose testimony can establish those facts. You may obtain evidence from the other parties to the litigation (the plaintiff and defendant), non-parties, and public records.

The discovery process is designed to go forward between the parties, with minimal involvement by the Judge. Only if the parties have disputes or disagreement about the proper scope of discovery and cannot resolve the problems themselves, will the dispute be raised before the Judge. Federal Rule of Civil Procedure 5 and Local Civil Rule 5.1 provides that discovery requests and responses should not be filed **unless directed to do so by the Judge**. Therefore, discovery requests, responses and produced documents should be sent only to the parties to the case, and not to the *Pro Se* Office for filing. As with all papers in your case, you should keep copies of all discovery materials that you serve on other parties and that you receive from the other parties.

## SCOPE OF DISCOVERY IN GENERAL: RULE 26(B)

Rule 26(b)(1) of the Federal Rules of Civil Procedure states that you may obtain discovery regarding any non-privileged matter that is relevant to the claim or defense of any party to an action. You may request any material that is reasonably likely to lead to the discovery of admissible evidence relevant to a claim or defense.

You must review Rules 26 through 37 and Rule 45 of the Federal Rules of Civil Procedure, which provide the primary methods for pretrial discovery, and the Eastern District's corresponding Local Civil Rules (available at www.nyed.uscourts.gov). In particular, Local Rule 26.3 provides uniform definitions of certain general terms that apply to all discovery requests.

Although the scope of discovery under the Federal Rules is quite broad, there are some limitations. You are not permitted to seek discovery of privileged or otherwise protected information or of documents which an attorney prepared for trial or in anticipation of litigation. The most common privilege is the attorney-client privilege, which applies to a party that is (or was) represented by an attorney. A party that asserts a claim of privilege in objection to discovery must follow the procedures outlined by Local Civil Rule 26.2.

In addition, the Judge may limit discovery in a specific case, in particular when: (1) a party unreasonably seeks information that has already been provided, or that is already available from some other source which is more convenient, less burdensome, or less expensive; or (2) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Rule 26(e)(2) of the Federal Rules of Civil Procedure imposes a duty on you to supplement or correct your responses to any discovery request if you later learn that the response is incomplete or incorrect.

## METHODS OF DISCOVERY

### 1. INTERROGATORIES (RULE 33)

Interrogatories are written questions that you may ask any other party to the case. Interrogatories may only be used to discover information from parties to the litigation. You may not use interrogatories to obtain information from non-parties. You also may not direct the interrogatories to a specific employee of a corporate party; the corporation determines who will answer the interrogatories on its behalf.

You may serve no more than twenty-five (25) interrogatories on any one party, unless the Judge gives you permission to serve more. You cannot avoid the twenty-five (25) interrogatory limit by asking several questions within one interrogatory. If an interrogatory has separate subparts, each subpart is counted as an interrogatory.

You may serve different interrogatories on different parties. For example, if there is more than one defendant, you may serve up to twenty-five (25) interrogatories on each defendant. Each written question or subpart counts as one interrogatory.

You should not use interrogatories merely to identify documents that the opposing party may have. Document requests are a better way to obtain documents (and electronically stored information) from the other side. Document requests are not limited to twenty-five (25) questions as interrogatories are. You should not waste your limited number of interrogatories by using them to obtain documents.

- **Answers and Objections to Interrogatories**

If the other party sends you interrogatories, you must respond to the interrogatories in a sworn, signed statement within thirty (30) days. Fed. R. Civ. P. 33(b). If you need more time to respond to interrogatories served on you, you may request an extension of time from the party that served the interrogatories; if that party will not agree to give you more time to answer the interrogatories, you may file a motion with the *Pro Se* Office asking the Judge to give you additional time to respond.

You must answer each interrogatory separately and fully, unless you have an objection to

2

the interrogatory. You may respond by answering an entire interrogatory question or by objecting to the question or part of the question. If you object to part of a question, you must answer the rest of that interrogatory question.

You must state any objections in writing, including the reasons for your objection. (If you do not understand what is being asked of you, you should first try to discuss it with the other party, rather than objecting.) If the other party believes that your objection is incorrect or unreasonable, s/he may make a motion to the Judge under Rule 37(a) of the Federal Rules of Civil Procedure, requesting an order directing you to answer the interrogatory. Before any such motion is made, however, the parties must discuss the request and the objection to try to resolve the dispute before bringing it to the Judge's attention.

You must answer an interrogatory with all the information that you have available. Under Rule 33(d) of the Federal Rules of Civil Procedure, you must look for the answer to an interrogatory question if it can be found in your records or some other available place. It is inappropriate for you to answer "I don't know" to an interrogatory if the information needed to answer the question is available to you.

If the burden of obtaining the answer to an interrogatory from records is the same for both you and the party serving the interrogatory, you may specify where the information can be obtained. Under Rule 33(d) of the Federal Rules of Civil Procedure and Local Civil Rule 33.1, you must identify the records in sufficient detail to permit the serving party to locate and identify the documents where the answer can be found. You also must give the serving party a reasonable opportunity to review and copy the documents within ten (10) business days after service of the interrogatory answers or at a date agreed to by the parties, unless otherwise ordered by the Judge. Interrogatories are an inexpensive way for you to discover information relating to your lawsuit. The only real cost is for postage to mail the request to the Court.

## 2. REQUESTS FOR PRODUCTION OF DOCUMENTS (RULE 34)

Under Federal Rule of Civil Procedure 34, you may request production of any document (or electronically stored information, such as emails) containing information relevant to issues in the lawsuit. You may use this discovery method to obtain documents (such as records, letters, contracts), electronically stored information (such as emails), and other tangible items (such as physical things).

Document requests can be served on any person, including individuals or organizations that are not parties to the lawsuit (but if the request is to a non-party, a subpoena will be required – see below). The document request must be made in writing and it must contain a description of the documents you want, as well as the date, time, place and manner for their production.

If you have placed your medical (or mental health) condition in issue in the lawsuit (such

3

as by claiming physical injury, emotional distress or pain and suffering), the defendant may ask you to complete and return a release or authorization so that the defendant can obtain medical or other "private" records and information from a non-party such as your doctor.

- **Response to Document Requests**

If the opposing party serves a document request on you, you must respond to the document request within thirty (30) days after its service upon you, unless otherwise agreed by the parties or ordered by the Judge. In the response, you may agree to produce the requested documents, or object to all or part of the request. If you object, you also must provide the reasons for your objection.

You must produce documents to the parts of the request to which you did not object. When you produce documents, you must produce the documents in the manner that you usually keep them, or you must organize and label them to correspond with the categories in the document request.

You must supplement your response if you later discover more documents called for by the document request. You should number all the documents you produce, keep a copy of the numbered documents, and keep a record of what documents you produced when. That way, if the other side claims you did not produce a document, you would have proof that you did produce it.

- **Document Requests To Non-Parties (Rules 34 and 45)**

You may request documents from a person or organization that is not a party to the case. You first should request the information informally, such as by a letter; by doing so you may avoid the expense of obtaining a subpoena. If this informal method is not successful, under Rule 34(c) of the Federal Rules of Civil Procedure, you may formally request the documents from a non-party through a subpoena under Rule 45 of the Federal Rules of Civil Procedure. Rule 45 sets out the procedures for issuing, serving, opposing and responding to subpoenas.

A subpoena is issued by the Clerk of Court, upon application by a party, requiring a non-party to appear for a court proceeding (such as a deposition or trial) or to produce documents at a specific time and place. There are two types of subpoenas: (1) a *subpoena duces tecum* which commands a person to produce relevant documents, and (2) a *subpoena ad testificandum* which compels a witness to appear at a judicial proceeding, such as a deposition or trial.

If you, as a *pro se* party, need a subpoena, the subpoena must be issued by the *Pro Se* Office. You may obtain a subpoena from the *Pro Se* Office for any deposition or production of

documents that will occur within the Eastern District of New York. If the deposition or document production is to occur outside the Eastern District of New York, you will need to obtain the subpoena from the court for the geographic area where the deposition or document production will occur.

A copy of the subpoena must be personally served (hand delivered) by a person who is not a party to the lawsuit and is at least 18 years old, on the individual that is being asked to produce the requested information. The $40 subpoena fee and travel expenses must be served on the non-party at the same time. (See 28 U.S.C. § 1821.) A copy of the subpoena also must be served on all the parties in the lawsuit. You must provide other parties with copies of all documents that you obtain in response to a subpoena to a nonparty. You must take reasonable steps to avoid imposing an undue burden or expense on the nonparty receiving the subpoena for production of documents.

Please note: (a) the Marshals Service will not serve subpoenas, and (b) the Eastern District has no funds to pay the subpoena fee for a *pro se* party (whether or not IFP status was granted) and cannot waive the subpoena fee. If you cannot afford to pay the $40.00 subpoena fee and travel expenses, you cannot subpoena a non-party.

- **Response to a Subpoena**

Under Rule 45(c)(2)(A), a non-party that receives a *subpoena duces tecum* is not required to appear in person at the time and place for the document production, unless s/he has been subpoenaed to appear for a deposition, hearing or trial at the same time and place. The non-party simply can send you the requested documents. A non-party that has been served with a *subpoena duces tecum* for production of documents may ask the Judge to quash the subpoena. A motion to quash a subpoena is a request to vacate or void the subpoena, so that the non-party no longer has to obey it. If the Judge grants the motion to quash, the non-party no longer is required to produce the requested documents. If the subpoenaed person files a motion to quash your subpoena, you may oppose the motion.

In addition, a non-party that has been served with a subpoena for production of documents generally has fourteen (14) days to serve any written objections to the subpoena under Rule 45(c)(2)(B). Once an objection has been made to a request, if you still want the documents you must make a motion or application to the Judge (through the *Pro Se* Office) to order production of the requested documents from the non-party.

### 3. PHYSICAL AND MENTAL EXAMINATIONS (RULE 35)

If your physical or mental condition is at issue in your lawsuit, the defendant may ask you

to submit to a physical or mental examination under Rule 35 of the Federal Rules of Civil Procedure. The examination must be done by a suitable licensed or certified examiner, such as a doctor or psychiatrist. Generally, the party that requested the examination must pay for it. For example, if you allege that you sustained serious injury in a car accident, and the defendant driver of the car denies that you were injured or injured as severely as you claim, the defendant might seek to have you submit to a doctor's examination to determine the extent of your physical injury. The defendant would make arrangements with a doctor and would pay all costs incurred in getting the examination. As another example, if you claim that you were discriminated against by your employer and as a result you suffered severe emotional distress, the defendant employer might seek a mental examination of you by a psychiatrist.

Unlike other discovery methods, a mental or physical examination may be obtained only by agreement of the parties or by the party seeking the examination filing a motion for the Judge to decide. Any motion must (1) explain the need for the examination, (2) specify the time, place, manner, conditions, and scope of the proposed examination, and (3) identify the person(s) who will conduct the examination. The motion must be served on all parties. If a motion is made and granted by the Judge, the person to be examined must be notified in writing of the time and place of the examination, the name of the person performing it, and the procedure to be performed. Once the Rule 35 examination is completed, you may request a copy of the examination report. Such a request, however, obligates you to make available any similar report of any examination that you may have about the same condition, unless you show that the information is unavailable. In addition, requesting the report waives any otherwise applicable doctor-patient privilege regarding the physical or mental condition at issue.

### 4. REQUESTS FOR ADMISSION (RULE 36)

A request for admission is a discovery method, under Rule 36 of the Federal Rules of Civil Procedure, by which a party is asked to stipulate (that is, agree) that certain facts are true, or certain documents are authentic. You also may use a request for admission to seek agreement on the application of law to a fact. Requests for admission are intended to relieve parties of the time and costs associated with proving facts that will not be disputed at trial.

Requests for admission may be served only on other parties to the litigation. If a party admits something under this discovery method, that fact will be treated as proved. An admission is only for the purposes of that lawsuit, and is not an admission for any other lawsuit or any other purpose. An admission in a lawsuit cannot be used against that party in any other proceeding. Any matter that is admitted is treated as if it has been proven for the purpose of the rest of the lawsuit, unless the Judge allows the answering party to withdraw or change the admission.

Unlike other discovery devices where generally you are trying to learn information, a Request for Admission is best used to obtain agreement on facts you already have learned from

6

the other side. For example, a request to admit that the defendant police officer beat up the plaintiff or used excessive force on the plaintiff is not likely to be admitted by the defendant. In contrast, a request to admit that the only three police officers present at the incident were Officers Baynes, Bradstreet and Lestrade is likely to be admitted. Also, a request to admit that a document is authentic generally will eliminate a challenge to its admission into evidence.

- **Responding to a Request for Admission**

If the other party serves you with a request for admission, you must admit or deny the request, object to the request, or state in detail the reasons why you cannot admit or deny the request. If you cannot admit or deny a particular request in total, you must admit the part that is true and either deny or explain why you cannot admit the rest. You only may state that you lack knowledge or sufficient information to permit admission or denial after making a reasonable inquiry. If you fail to answer a request for admission, that constitutes an admission. If you do not deny or object to a request for admission within thirty (30) days after its service, the request is deemed admitted. Thus, it is crucial for you to affirmatively deny all requests not believed to be true. At the same time, you should not hesitate to admit facts that are true.

Under Rule 37(c)(2) of the Federal Rules of Civil Procedure, if a responding party denies or otherwise fails to admit the genuineness of a document or the truth of a fact in a request for admission and the requesting party later proves that the fact is true or the document authentic, the requesting party may file a motion requesting the Judge to order the other party to pay reasonable expenses incurred in proving the matter, including attorneys' fees. (A *pro se* party is not entitled to attorneys' fees.) The Judge must grant the motion unless s/he finds that (1) the request for admission was objectionable under Rule 36(a), (2) the requested admission was not important, (3) the answering party had reasonable ground to fail to admit the matter, or (4) there was other good reason for the failure to admit.

## DISCOVERY DISPUTES AND SANCTIONS (RULE 37)

Sometimes parties have disagreements about disclosure and discovery. All parties must conduct discovery in good faith and attempt to resolve between themselves all differences that may arise, before seeking assistance from the Judge. If the parties are unable to resolve discovery disputes after making efforts to do so, however, it may be appropriate and necessary to seek the Judge's intervention.

If you are not able to resolve discovery disputes by discussing them with the other side, Local Civil Rule 37.2 requires that you request a conference with the Judge for the purpose of resolving the disputed issue. You do this by writing a letter to the Judge, serving it on opposing

counsel, and delivering the letter to the *Pro Se* Office. Some Judges will conduct the discovery conference in the courtroom; others will do it on the telephone; others will not hold a conference.

If the Judge denies your request for a conference or the discovery dispute is not resolved at the conference, you may file a motion for a protective order, a motion to compel discovery or a motion for discovery sanctions. For any of these three types of motions, the motion must include a certification that you have tried to confer in good faith with all persons involved to resolve the matter without judicial intervention; the motion also must include an explanation of the dispute, what you would like the Judge to do, and the reasons why the Judge should grant your motion.

- **Motion for a Protective Order (Rule 26(c))**

A protective order is an order limiting the scope of discovery or directing that discovery proceed in a certain way. A motion for a protective order usually is filed before the discovery is due. A motion for a protective order must be filed with the Judge before whom the lawsuit is pending.

- **Motion to Compel or for Sanctions (Rule 37)**

There are two motions which may be appropriate when disputes arise over initial disclosures or the response, or lack of response, to a discovery request: a motion to compel or a motion for sanctions.

A motion to compel is a motion asking the Judge to order a party to answer a discovery request or provide more information in response to a discovery request. A motion for sanctions asks the Judge to punish a party for refusing to answer a discovery request or refusing to obey an earlier order compelling him/her to answer a discovery request.

Rule 37 of the Federal Rules of Civil Procedure sets forth the requirements for filing a motion to compel. Under Rule 37(a)(1), a motion to compel other parties to respond to discovery must be filed with the Judge before whom the lawsuit is pending. A motion to compel a non-party to respond to discovery must be filed in the federal district court in the district where the discovery is being taken.

If the Judge grants a motion to compel, the Judge must require the person against whom the motion was filed to pay reasonable expenses involved in making the motion, including attorneys' fees, unless the Judge finds that: (1) the motion was filed without the moving party first making a good faith effort to obtain the disclosure or discovery without judicial intervention; (2) the opposing person's failure to comply or objection to a discovery request was substantially

justified; or (3) other circumstances exist which would make an award of expenses unjust. A *pro se* litigant is not entitled to an award of attorneys' fees.

Under Rule 37(b) through (g) of the Federal Rules of Civil Procedure, a motion for discovery sanctions may be brought when a party or person fails, *inter alia* to: (1) obey a Judge's order to respond to a discovery request; (2) admit the genuineness of a document or the truth of a fact which is later proved genuine or true; (3) answer interrogatories; or (4) respond to a request for production of documents.

- **Discovery Sanctions**

A Judge granting a motion for discovery sanctions may issue any order that is appropriate to address the dispute. Rule 37(b)(2) authorizes the Judge to issue any of the following types of orders:

1. An order resolving certain issues or facts in favor of the party who made the motion;

2. An order refusing to allow a delinquent party to support or oppose certain claims or defenses, or prohibiting that party from introducing certain evidence;

3. An order striking certain claims or parts of claims from the case, or staying the lawsuit until the order is obeyed, or dismissing the lawsuit or a part of the lawsuit, or issuing a judgment of default against a delinquent party; or

4. An order holding the delinquent party or person in contempt of court for failing to obey an order, except an order to submit to a physical or mental examination.

If the Judge grants a motion for discovery sanctions, the Judge must require the delinquent party (or counsel) to pay reasonable expenses, including attorneys' fees, caused by the disobedience, unless the Judge finds that the disobedience was substantially justified or that other circumstances exist making an award of expenses unjust. Pro Se litigants, like all other litigants, are subject to sanctions under Rule 37.