UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
WALTER LEE ANDERSON, et al.,

                Plaintiffs,

    -against-

MICHAEL SPOSATO, individually and
in his official capacity as Nassau County
Sheriff, et al.,

                Defendants.
----------------------------------------------------------X
FEUERSTEIN, District Judge

**ORDER**
11-CV-5663 (SJF)(WDW)

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★  FEB 2 1 2013  ★

LONG ISLAND OFFICE

By Order dated February 13, 2012 (the "Consolidation Order"), *inter alia*: (a) thirty-three (33) complaints brought by incarcerated *pro se* plaintiffs pursuant to 42 U.S.C. § 1983 ("Section 1983") challenging the conditions at the Nassau County Correctional Center ("NCCC") were consolidated for all purposes to proceed under the lead case, Anderson, et al. v. Sposato, et al., No. 11-CV-5663; and (b) all subsequently filed *pro se* actions relating to the subject matter of the consolidated action were directed to be consolidated under the lead case docket number.

Mail sent by the Court to plaintiffs Ramel Williams (Doc. No. 242) and James Ippolito (Doc. No. 244) in the consolidated action have been returned as undeliverable, with the notation that those plaintiffs have been discharged from the NCCC, which is their address of record.[1] Neither of those plaintiffs have notified the Court of a change of address or otherwise provided updated contact information.

---

[1] In addition, mail sent to the following eleven (11) plaintiffs: Richard Edwards (Doc. No. 252), Charles Hawkins (Doc. No. 250), Alex Collado (Doc. No. 246), Calvin Fonville (Doc. No. 249), Jamar Bellamy (Doc. No. 243), Bastien Gerard (Doc. No. 248), Steven Worsley (Doc. No. 251), Rohit Gulati (Doc. No. 240), Ronnie Duren (Doc. No. 241), Donald Hollmann (Doc. No. 245) and Darryl Conklin (Doc. No. 247) at their address of record was returned as undeliverable. However, by orders dated February 6, 2013 and February 11, 2013, those plaintiffs, and others, were directed to serve and file affidavits providing the Court with new contact information on or before March 11, 2013 and March 14, 2013, respectively.

1

"The duty to inform the Court and defendants of any change of address is 'an obligation that rests with all *pro se* plaintiffs.'" Alomar v. Recard, No. 07-CV-5654, 2010 WL 451047, at * 2 (S.D.N.Y. Feb. 9, 2010) (quoting Handlin v. Garvey, No. 91 Civ. 6777, 1996 WL 673823, at * 5 (S.D.N.Y. Nov. 20, 1996)); see also Hayes v. Shield, No. 11 Civ. 3714, 2012 WL 3114843, at * 1 (S.D.N.Y. July 5, 2012), report and recommendation adopted by 2012 WL 3115798 (S.D.N.Y. Aug. 1, 2012); Ackridge v. Martinez, No. 09 Civ. 10400, 2011 WL 5865265, at * 3 (S.D.N.Y. Nov. 22, 2011) ("[W]hen a party changes addresses, it is his obligation to notify the court of his new address."). The above-named plaintiffs cannot proceed with their claims unless the Court and defense counsel are able to contact them to, *inter alia*, obtain discovery, serve motions and schedule trial. See, e.g. United States ex rel. Roundtree v. Health and Hospitals Police Dept. of New York, No. 06 Civ. 212, 2007 WL 1428428, at * 1, 2 (S.D.N.Y. May 14, 2007) (holding that "defendants are at a severe disadvantage in not knowing the address of the pro se litigant who has brought suit against them."); Coleman v. Doe, No. 05-cv-5849, 2006 WL 2357846, at * 3 (E.D.N.Y. Aug. 14, 2006) ("To require defendants to move forward would be impossible without plaintiff's participation.") "When a pro se litigant fails to provide the Court with notice of a change of address, the Court may dismiss the litigant's claims." Bernard v. Romen, No. 11 cv 6346, 2012 WL 6594622, at * 2 (E.D.N.Y. Oct. 15, 2012), report and recommendation adopted by 2012 WL 6594525 (E.D.N.Y. Dec. 18, 2012).

Accordingly, Ramel Williams and James Ippolito must each serve and file an affidavit **on or before March 25, 2013** providing the Court with a new address and telephone number at which he can be contacted.

**THE ABOVE-REFERENCED PLAINTIFFS ARE ADVISED THAT A FAILURE TO COMPLY WITH THIS ORDER WILL RESULT IN THAT PLAINTIFF'S CLAIMS BEING DISMISSED IN THEIR ENTIRETY WITH PREJUDICE PURSUANT TO RULES 37(b)(2)(A)(v) AND 41(b) OF THE FEDERAL RULES OF CIVIL PROCEDURE.**

Pursuant to Rule 77(d)(1) of the Federal Rules of Civil Procedure, the Clerk of the Court is

directed to serve notice of entry of this order upon all parties to the consolidated action in accordance with Rule 5(b) of the Federal Rules of Civil Procedure, including mailing a copy of this order to each plaintiff's address of record pursuant to Rule 5(b)(C) and leaving a copy of this order with the Clerk of the Court pursuant to Rule 5(b)(2)(D).

**SO ORDERED.**  s/ Sandra J. Feuerstein

Sandra J. Feuerstein
United States District Judge

Dated: February 21, 2013
       Central Islip, New York