UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
WALTER LEE ANDERSON, et al.,

                Plaintiffs,

-against-

MICHAEL SPOSATO, individually and in his official
capacity as Nassau County Sheriff, et al.

                Defendants.
----------------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAY 09 2013 ★

LONG ISLAND OFFICE
11-CV-5663 (SJF)(WDW)

**ORDER**

FEUERSTEIN, District Judge:

Pending before the Court is the motion of defendant Global Tel*Link Corp. ("Global Tel") to dismiss all claims against it in their entirety pursuant to Rules 12(b)(6) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1915.[1] No opposition has been filed to the motion. For the reasons set forth below, Global Tel's motion is granted and all claims against it are dismissed in their entirety with prejudice.

I.    DISCUSSION

    A.    Standard of Review

The standard of review on a motion made pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is that a plaintiff plead sufficient facts "to state a claim for relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). The pleading of specific facts is not required; rather a complaint need only give the defendant "fair notice of what the * * * claim is and the grounds upon which it rests." Erickson v.

---

[1] Only one (1) plaintiff, Michael Gonzalez ("Gonzalez"), names Global Tel as a defendant.

1

Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Twombly, 550 U.S. at 555, 127 S.Ct. 1955). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557, 127 S.Ct. 1955). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. 544, 127 S.Ct. at 1959. The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678, 129 S.Ct. 1937.

In deciding a motion pursuant to Rule 12(b)(6), the Court must liberally construe the claims, accept all factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. See McGarry v. Pallito, 687 F.3d 505, 510 (2d Cir. 2012); Rescuecom Corp. v. Google Inc., 562 F.3d 123, 127 (2d Cir. 2009). However, this tenet "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. 662, 129 S.Ct. at 1949. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. at 1950; see also Ruston v. Town Board for Town of Skaneateles, 610 F.3d 55, 59 (2d Cir. 2010) ("A court can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." (quotations and citations omitted)). Nonetheless, a plaintiff is not required to plead "specific evidence or extra facts beyond what is needed to make the claim plausible." Arista Records, LLC v. Doe 3, 604 F.3d 110, 120-1 (2d Cir. 2010); see also Matson v. Board of Education of City School District of New York, 631

2

F.3d 57, 63 (2d Cir. 2011) ("While a complaint need not contain detailed factual allegations, it requires more than an unadorned, the defendant-unlawfully-harmed-me accusation." (internal quotations and citation omitted)).

The Court must limit itself to the facts alleged in the complaint, which are accepted as true; to any documents attached to the complaint as exhibits or incorporated by reference therein; to matters of which judicial notice may be taken; or to documents upon the terms and effect of which the complaint "relies heavily" and which are, thus, rendered "integral" to the complaint. Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002) (citing International Audiotext Network, Inc. v. American Tel. and Tel. Co., 62 F.3d 69, 72 (2d Cir. 1995)).

B.  Section 1983 Claims

Section 1983 of Title 42 of the United States Code provides, in relevant part:

> "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ."

To state a claim under Section 1983, a plaintiff must allege (1) that the challenged conduct was "committed by a person acting under color of state law," and (2) that such conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)); see also Rehberg v. Paulk, 132 S. Ct. 1497, 1501-02, 182 L. Ed. 2d 593 (2012).

### 1. Color of State Law

Section 1983 liability may only be imposed upon wrongdoers "who carry a badge of authority of a State and represent it in some capacity, whether they act in accordance with their authority or misuse it." National Collegiate Athletic Ass'n v. Tarkanian, 488 U.S. 179, 191, 109 S.Ct. 454, 102 L.Ed.2d 469 (1988)(citation omitted); see also Fabrikant v. French, 691 F.3d 192, 206 (2d Cir. 2012) ("A plaintiff pressing a claim of violation of his constitutional rights under Section 1983 is * * * required to show state action.") "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (internal quotation marks omitted). Global Tel is a private entity, not a state actor.

Nonetheless, "state action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'"[2] Brentwood Academy v. Tennessee Secondary School Athletic Association, 531 U.S. 288, 295, 121 S.Ct. 924, 148 L.Ed.2d 807 (2001) (quoting Jackson v. Metropolitan Edison Co., 419 U.S. 345, 351, 95 S.Ct. 449, 42 L.Ed.2d 477 (1974)). "The actions of nominally private entities are attributable to the state when those actions meet one of three tests: 1. The 'compulsion test:' 'the entity acts pursuant to the "coercive power" of the state or is "controlled" by the state,' 2. The 'public function' test:' 'the entity "has been delegated a public function by the [s]tate,"' or, 3. The 'joint action test' or 'close nexus test:' 'the state provides,

---

[2] "If a defendant's conduct satisfies the state-action requirement of the Fourteenth Amendment, the conduct also constitutes action 'under color of state law' for § 1983 purposes." Brentwood Academy, 531 U.S. at 295 n. 2, 121 S.Ct. 924; see also Tancredi v. Metropolitan Life Ins. Co., 378 F.3d 220, 229 (2d Cir. 2004).

"*significant encouragement*" to the entity, the entity is a "willful participant in *joint activity* with the [s]tate," or the entity's functions are "*entwined*" with state policies.'" Hollander v. Copacabana Nightclub, 624 F.3d 30, 34 (2d Cir. 2010) (emphasis and alterations in original) (quoting Sybalski v. Independent Group Home Living Program, Inc., 546 F.3d 255, 257 (2d Cir. 2008) (per curiam)); see Brentwood Academy, 531 U.S. at 296, 121 S.Ct. 924; Fabrikant, 691 F.3d at 207. "[A] private entity does not become a state actor for purposes of Section 1983 merely on the basis of the private entity's creation, funding, licensing, or regulation by the government." Fabrikant, 691 F.3d at 207.

Global Tel was not rendered a state actor, or acting under color of state law, merely by virtue of its public contract with the NCCC. See, e.g. Rendell-Baker v. Kohn, 457 U.S. 830, 841, 102 S. Ct. 2764, 73 L. Ed. 2d 418 (1982) ("Acts of * * * private contractors do not become acts of the government by reason of their significant or even total engagement in performing public contracts."); Phelan ex rel. Phelan v. Torres, 843 F. Supp. 2d 259, 273 (E.D.N.Y. 2011), aff'd —  Fed. Appx. —, 2013 WL 646198 (2d Cir. Feb. 22, 2013) ("The fact that the state may contract with a private party to perform a function does not [necessarily] transform the private party into a state actor * * *."); Chan v. City of New York, 803 F. Supp. 710, 719 (S.D.N.Y. 1992), aff'd, 1 F.3d 96 (2d Cir. 1993) ("[P]rivate entities who contract with the government are not necessarily government actors.") "Providing services that the state would not necessarily provide does not automatically render the acts of privately owned enterprises attributable to the state." Evans v. Skolnik, No. 3:08-cv-00353-RCJ-VPC, 2009 WL 3763041, at * 5 (D. Nev. Nov. 5, 2009). Gonzalez does not allege that the County defendants participated in, coerced, or significantly encouraged the prices Global Tel charges for its telephone services. "Further, the fact that

5

telephone companies are subject to substantial governmental regulation does not convert their actions into that of the state." Iswed v. Caruso, No. 1:08-cv-1118, 2009 WL 4251076, at * 3 (W.D. Mich. Nov. 24, 2009). "Moreover, the provision of telephone services is not a traditional public function delegated by the state to [Global Tel]." Id. The fact that Global Tel provides telephone services to prisoners pursuant to a contract with the NCCC, alone, is insufficient to transform Global Tel into a state actor for purposes of Section 1983. See, e.g. Streater v. Thaler, No. 9:11cv68, 2012 WL 3308109, at *14 (E.D. Tex. July 2, 2012), report and recommendation adopted by 2012 WL 3308105 (E.D. Tex. Aug. 13, 2012) (holding that the fact that Securus contracted with the Texas Department of Criminal Justice to provide telephone services to prisoners does not make it a state actor under Section 1983); Wofford v. Public Communications Services, No. 4:11cv1884, 2012 WL 550134, at * 3 (E.D. Mo. Feb. 19, 2012) (holding that the plaintiff's allegations that Public Communications Services ("PCS") is an inmate telephone service provider under "contract" with the Missouri Department of Corrections did not establish that PCS was a "state actor" within the meaning of Section 1983); Iswed, 2009 WL 4251076, at * 3 ("The fact that Embarq may contract with the state for delivery of telephone services does not render it a 'state actor' for purposes of Section 1983."); Evans, 2009 WL 3763041, at * 5 (finding that Global Tel, and other similar private telephone companies, were not state actors and, thus, were not amenable to suit under Section 1983).

Since Global Tel is not a state actor, a Section 1983 claim cannot be stated against it as a matter of law. Accordingly, Global Tel's motion to dismiss is granted and all claims against it in this consolidated action are dismissed in their entirety with prejudice.[3]

---

[3] In light of this determination, it is unnecessary to address Global Tel's remaining contentions.

II.  CONCLUSION

For the reasons set forth above, Global Tel's motion seeking dismissal of all claims against it pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is granted and all claims against Global Tel are dismissed in their entirety with prejudice for failure to state a cause of action.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed.2d 21 (1962).

SO ORDERED.

/s/ Sandra J. Feuerstein

Sandra J. Feuerstein
United States District Judge

Dated: May 9, 2013
Central Islip, New York

7