UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
WALTER LEE ANDERSON, et al.,

                Plaintiffs,

                **ORDER**
-against-                11-CV-5663 (SJF)(WDW)

MICHAEL SPOSATO, individually and
in his official capacity as Nassau County
Sheriff, et al.,

                Defendants.
----------------------------------------------------------X
FEUERSTEIN, District Judge

       By Order dated February 13, 2012 (the "Consolidation Order"), *inter alia*: (a) thirty-three (33) complaints brought by incarcerated *pro se* plaintiffs pursuant to 42 U.S.C. § 1983 ("Section 1983") challenging the conditions at the Nassau County Correctional Center ("NCCC") were consolidated for all purposes to proceed under the lead case, Anderson, et al. v. Sposato, et al., No. 11-CV-5663; and (b) all subsequently filed *pro se* actions relating to the subject matter of the consolidated action were directed to be consolidated under the lead case docket number. Currently there are seventy-one (71) complaints consolidated under the lead case docket number.

       Since mid-July of this year, mail sent by the Court to the following three (3) plaintiffs in the consolidated action have been returned as undeliverable: Dion Delgado (Doc. Nos. 799 and 846), Bello Dionisio (Doc. Nos. 774, 788, 794, 803, 808 and 843) and Mauricio Flores (Doc. Nos. 767, 783, 795, 798, 800, 807 and 844). In addition, by letter dated October 2, 2013, the Nassau County Attorney's Office, which represents the County defendants in this consolidated action, advised the Court that it has been unable to serve those plaintiffs[1] with its narrative

---

[1] The letter also indicates that mail sent by the Nassau County District Attorney's Office to plaintiff Alexander Gil was returned and marked "discharged and return to sender." (Doc. No. 845). However, on or about August 29, 2013, Gil filed a Notice of Change of Address with the

1

statement because its mail to those plaintiffs was returned and marked "discharged and return to sender." (Doc. No. 845). None of those plaintiffs have notified the Court or the County defendants of a change of address or otherwise provided updated contact information.

"The duty to inform the Court and defendants of any change of address is 'an obligation that rests with all *pro se* plaintiffs.'" Alomar v. Recard, No. 07-CV-5654, 2010 WL 451047, at * 2 (S.D.N.Y. Feb. 9, 2010) (quoting Handlin v. Garvey, No. 91 Civ. 6777, 1996 WL 673823, at * 5 (S.D.N.Y. Nov. 20, 1996)); see also Hayes v. Shield, No. 11 Civ. 3714, 2012 WL 3114843, at * 1 (S.D.N.Y. July 5, 2012), report and recommendation adopted by 2012 WL 3115798 (S.D.N.Y. Aug. 1, 2012); Ackridge v. Martinez, No. 09 Civ. 10400, 2011 WL 5865265, at * 3 (S.D.N.Y. Nov. 22, 2011) ("[W]hen a party changes addresses, it is his obligation to notify the court of his new address."). The above-named plaintiffs cannot proceed with their claims unless the Court and defense counsel are able to contact them to, *inter alia*, obtain discovery, serve motions and schedule trial. See, e.g. United States ex rel. Roundtree v. Health and Hospitals Police Dept. of New York, No. 06 Civ. 212, 2007 WL 1428428, at * 1, 2 (S.D.N.Y. May 14, 2007) (holding that "defendants are at a severe disadvantage in not knowing the address of the pro se litigant who has brought suit against them."); Austin v. Lynch, No. 10 Civ. 7534, 2011 WL 5924378, at * 2 (S.D.N.Y. Nov. 29, 2011), report and recommendation adopted by 2011 WL 6399622 (S.D.N.Y. Dec. 20, 2011) ("Courts have repeatedly recognized that dismissal for failure to prosecute is appropriate where a plaintiff effectively disappears by failing to provide a current address at which he or she can be reached."); Coleman v. Doe, No. 05-cv-5849, 2006 WL 2357846, at * 3 (E.D.N.Y. Aug. 14, 2006) ("To require defendants to move forward would be impossible without plaintiff's participation.") "When a pro se litigant fails to provide the Court

---

Court. (Doc. No. 837). The Nassau County Attorney's Office has not indicated to what address it mailed its narrative statement to Gil, and no mail sent by the Court to Gil has been returned as undeliverable. Accordingly, the Nassau County Attorney's Office is directed to serve a copy of its narrative statement upon Gil at his new address of record, i.e., the Ulster Correctional Facility.

with notice of a change of address, the Court may dismiss the litigant's claims." <u>Bernard v. Romen</u>, No. 11 cv 6346, 2012 WL 6594622, at * 2 (E.D.N.Y. Oct. 15, 2012), <u>report and recommendation adopted by</u> 2012 WL 6594525 (E.D.N.Y. Dec. 18, 2012).

Accordingly, Dion Delgado, Bello Dionisio and Mauricio Flores must each serve and file an affidavit **on or before December 2, 2013** providing the Court with a new address and telephone number at which he can be contacted.

**THE ABOVE-REFERENCED PLAINTIFFS ARE ADVISED THAT A FAILURE TO COMPLY WITH THIS ORDER WILL RESULT IN THAT PLAINTIFF'S CLAIMS BEING DISMISSED IN THEIR ENTIRETY <u>WITH PREJUDICE</u> PURSUANT TO RULES 37(b)(2)(A)(v) AND 41(b) OF THE FEDERAL RULES OF CIVIL PROCEDURE.**

Pursuant to Rule 77(d)(1) of the Federal Rules of Civil Procedure, the Clerk of the Court is directed to serve notice of entry of this order upon all parties to the consolidated action in accordance with Rule 5(b) of the Federal Rules of Civil Procedure.

**SO ORDERED.**  s/ Sandra J. Feuerstein

_____
Sandra J. Feuerstein
United States District Judge

Dated: October 30, 2013
       Central Islip, New York