UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
WALTER LEE ANDERSON, et al.,

                            Plaintiffs,                **ORDER**
                                                                     CV 11-5663  (SJF) (WDW)
      -against-

MICHAEL SPOSATO, et al.,

                            Defendants.
----------------------------------------------------------X
**WALL, Magistrate Judge:**

      Before the court are motions to compel submitted by three of the pro se plaintiffs in this consolidated matter. This case concerns the claims of plaintiffs who are, or were, inmates at the Nassau County Correctional Center ("NCCC") and who challenge the conditions at that facility. To streamline discovery, all of the plaintiffs were directed to submit proposed interrogatories and document demands to the court for review. *See* Docket Entry ("DE") [211]. Consistent with that order, the court reviewed the proposed demands received from twenty-three of the plaintiffs and issued Plaintiffs' Joint Interrogatories and Requests for Production of Documents (the "Demands"), DE [631], on behalf of those plaintiffs only (the "moving plaintiffs"). The order further restated language from the February 11, 2013 order that "all remaining plaintiffs in this consolidated action are deemed to have waived their right to seek any discovery in this action."

      The Nassau County defendants (the "County") served responses to the Demands dated July 29, 2012. Three of the twenty-three moving plaintiffs have submitted motions to compel further responses: Carleton Pulley, DE [831]; Terry Cowan, DE [833]; and John Vallejos, DE [840]. The County submitted opposition to each of the letter motions. Upon initial review of the submissions, the undersigned directed the County to provide a copy of the materials it had

produced to these three plaintiffs in response to the Demands.  In addition, as the County asserted numerous privileges in their responses to the Demands, the undersigned further directed them to provide a privilege log and a copy of any document on the log for *in camera* review.  *See* DE [859].

The documents have been provided and designated as Exhibits A, B, and C, the form in which they were produced.  Exhibit A appears to be the individual data from the "Inmate Tracking System Information" for Cowan, Pulley, and Vallejos.  Presumably, each plaintiff received only his own file.  It appears that Exhibits B and C were produced to all twenty-three moving plaintiffs.  Exhibit B comprises various statutes, procedures, and regulations, while Exhibit C contains menus, Department of Health reports, and maintenance and purchasing logs.  The County did <u>not</u> produce a privilege log.

Before addressing specific issues raised in the motions, some general observations and rulings regarding the County's responses are in order.  The County answered only 1 of 37 interrogatories without boilerplate objections.  The remaining 36 responses are prefaced with a knee jerk recitation of objections.  Although the responses often conclude with some manner of substantive response "notwithstanding" the objections, the sufficiency of which responses will be addressed *infra,* I find that the County's routine recitation of boilerplate objections violates the spirit of the Federal Rules.  *See Distefano v. Law Offices of Barbara H. Katsos, PC*, 2013 WL 1339536, at *6 (E.D.N.Y. Mar. 29, 2013) ("Defendants' litany of non-specific, boilerplate objections to this straightforward request are inappropriate"); *In re Priceline.com Inc. Secs. Litig.*, 233 F.R.D. 83, 85 (D. Conn. 2005) ("generic, non-specific objections, intoning the same boilerplate language, are inconsistent with both the letter and the spirit of the Federal Rules of

Civil Procedure"), *quoting Obiajulu v. City of Rochester,* 166 F.R.D. 293, 295 (W.D.N.Y. 1996).

For example, in response to 36 of the 37 interrogatories, the County began by stating an objection to the interrogatory as "overly broad, vague and ambiguous, improper and fails to provide any specificity as to the information being sought." Similarly, those same 36 out of 37 responses objected on the basis that the information was "not relevant to this action, and not reasonably calculated to lead to the discovery of admissible evidence." "A party resisting discovery has the burden of showing 'specifically how, despite the broad and liberal construction afforded the federal discovery rules, each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive, ... by submitting affidavits or offering evidence revealing the nature of the burden.'" *Pegoraro v. Marrero*, 281 F.R.D. 122, 128-29 (S.D.N.Y. 2012), *quoting Compagnie Francaise d'Assurance Pour le Commerce Exterieur v. Phillips Petroleum Co.*, 105 F.R.D. 16, 42 (S.D.N.Y.1984) (citations omitted).

Defendant has not, in response to these motions, provided any explanation as to why, specifically, the interrogatories are overbroad, etc., or not reasonably calculated to lead to the discovery of admissible evidence. The interrogatories that are, according to the County, overly broad and not relevant to this action seek, *inter alia,* information regarding the identification of additional grievances regarding the facility's conditions (Req. 2), the identity of plaintiffs' medical providers (Req. 6), the identity of cleaning, maintenance, exterminators, and mold re-mediators (Req. 7), whether there were reports of feces in the cells, or roaches, bed bugs, or rodents in food preparation areas or in the food itself (Reqs. 18-20, 32) or reports of sewage in the eating areas (Req. 31), whether inmates were offered various proteins or vegetables at meals (Reqs. 25 & 26), and whether a nutritionist reviewed the menus (Req. 30). Despite any

responses or production made by the County defendants, the overuse or abuse, of objections is inappropriate.[1]

Even more troubling to the court is the County's "objections" on the basis of privilege. In response to 28 of 37 interrogatories, the County objected "on the basis that the information sought is protected under the *deliberative process* privilege*, law enforcement* privilege" (emphasis in original). These two privileges are also claimed in 14 of 15 responses to document demands. In addition, all 15 responses to document demands include an objection to each request as being "violative of attorney-client privilege, attorney-work product privilege, and generated in anticipation of litigation." First, it appears as if these privileges were claimed in somewhat dubious circumstances – for example, it is difficult to fathom how a response to the question of whether inmates were ever provided a daily diet of less than 2,000 calories (Req. 24) could implicate either deliberative process or law enforcement privilege. Similarly, it seems unlikely that attorney input was necessary or present regarding many of these requests, such as for copies of written menus for meals (Doc. Req. 8) or for food manifest orders (Doc. Req. 11).

At best, the County defendants created confusion for litigants, and the court, by their haphazard invocation of privilege. By mentioning a privilege in almost every single response, defendants certainly implied that they had withheld documents. Indeed, the court thought the implication so clear that it asked to see the privilege log and documents. The County defendants'

---

[1] The County's abuse of boilerplate objections is even more striking in its responses to the document demands. In each and every one of its responses to the 15 document demands, the County objects "on the basis that the request is vague and ambiguous in that it fails to provide any specificity as the document being requested." By way of example, the County apparently believes that a demand for "copies of any and all documents, correspondence and memoranda the County defendants intend to use at the trial of this matter" is vague, ambiguous, and lacks specificity.

failure to provide a log raises two possibilities: either the County has failed to comply with the requirements of Rule 26(b)(5), my order and the Local Rules regarding preparation and submission of a privilege log, or it has not, in fact, withheld any documents based on a privilege. In either event, I find that any privilege is waived.

After asserting the various boilerplate objections and privileges, the County typically responded "[n]otwithstanding the foregoing objections and without waiving the same" and referred to one or some combination of Exhibits A, B, and C.  Rule 33 (d) gives the party responding to an interrogatory the option to specify produced business records if the answer to the interrogatory "may be determined by examing, auditing, compiling, abstracting, or summarizing a party's business records." Fed. R. Civ. P. 33 (d).  Regarding Exhibit A, the County appears to have simply produced the entirety of each plaintiff's "file," including material that is patently non responsive to any demands, such as visitor logs.  Under some circumstances, the production of clearly non-responsive material could taint the production, such as where a party buries responsive documents within boxes of non-responsive documents.  Here, however, the production of Exhibit A ranges by plaintiff from 114 to 349 total pages; Exhibits B and C consist of 114 pages and 657 pages, respectively.  As these numbers are not overwhelming and review not onerous, I find that the County has met its discovery obligations by referring to the documents produced.  Problems regarding the redactions on those documents, however, will be addressed *infra*.

I now turn to review the three motions currently pending.

**Plaintiff Cowan's Motion, DE [833]**

Plaintiff Cowan has made the most comprehensive of the three pending motions.  The

County in its opposition describes Cowan's disputes as falling into general categories, two of which the County characterize as issues regarding the unresponsiveness of several interrogatories and concerns about the County's production of documents in redacted form.   The County's response to the motion addresses the general categories only and does not address Cowan's arguments regarding specific demands.

Unresponsiveness

In response to Cowan's claim that the County has failed to answer the questions put to it, the County states only that its responses were "entirely proper."  I disagree.  For example, interrogatory 1 asks in part whether the sheriff of Nassau County was ever present in specific areas of NCCC during the relevant time period.  In response, the County identifies the sheriff as Michael Sposato and then simply refers to the Nassau County Charter for the "powers and duties" of the Sheriff.   This response, by itself, does not answer the question regarding Sposato's presence, if any, at the facility, and it is not plaintiff's role to interpret the Sheriff's powers and duties and then hazard a guess as to whether such interpretation includes visits to the facility. Similar problems where the County's reference to documents fails to answer the interrogatory are evident in the responses to interrogatories 5, 8, 13, 27, 30, 35.  Cowan's motion is granted as to these interrogatories.  In addition, the County did not provide any substantive response to interrogatory 36, ending the response after the boilerplate objections.  Further substantive response is directed as to number 36.

Cowan also objects to the County's response to interrogatory 37, which was the only response not preceded by boilerplate objections.  The response to this interrogatory seeking identification of NCCC's trial witnesses does not provide specific names, but rather designates

areas of testimony for an as yet undesignated witness, such as "[a]n employee of the jail to confirm that Plaintiffs did not avail themselves of the grievance procedure at NCCC." Rule 26 obliges a party to identify its witnesses, and to supplement or correct discovery responses. Fed. R. Civ. P. 26 (a)(3) & (e). Over six months have passed since the County provided its responses and the case is set for trial on May 12, 2014. To the extent it has not supplemented its response to interrogatory 37 to provide specific names of witnesses, the County is directed to do so.

Redactions

The County complains that Cowan makes general arguments about the redactions rather than specifying pages.[2] I again disagree. Cowan has identified several instances where the interrogatory points to documents in which the sought-after information, particularly names, is heavily redacted. The County also suggests that "the mere fact that Plaintiff is incarcerated must be consider [sic] when releasing sensitive information which identifies non-parties and/or provides identifiable information." Defs' Ltr. at 2, DE [838]. It does not provide any specific arguments as to why the names of the County's employees or its vendors who perform work at NCCC are "sensitive" information.

The problems in the interrogatory responses are largely attributable to the way in which the County responded. The interrogatories sought specific information; the County, rather than respond to the interrogatories directly, chose to avail itself of the option under Rule 33(d) to refer to documents. It then, however, redacted those documents to the point of uselessness. As such, as currently constituted, several of the interrogatory responses are insufficient; however, many of

---

[2] I find this complaint particularly disingenuous since the County never completely identifies specific documents in response to an interrogatory, rather just refers plaintiffs to Exhibits A, B, and/or C and invites them to figure out which documents are responsive.

the deficiencies can be cured by a more thoughtful redaction of the documents produced.

Accordingly, the County is directed to review the production and redact the materials as follows:

1. Cowan's Medical Records: Although the County has not provided any rationale for redacting the names of medical providers, it appears from my review that this occurred only where the name appeared in signature form. The County may continue to redact the signatures, but must provide a typed identification of the provider at or near the place of any redacted signature.

2. County employees: Several interrogatories seek identification of employees that received and investigated complaints about various conditions including *inter alia* rodents and mold. As it is not clear how this information is sensitive or how its release would compromise an employee, those names shall be produced in unredacted form, although signatures may be redacted and replaced with the typed name.

3. Vendors: It is also not apparent how identifying the names of the County's various cleaning, maintenance, and food vendors that perform service on-site at NCCC will affect those entities' privacy rights. Names of the vendors, along with dates of service and service performed, shall be unredacted, although again, redacted signatures may be replaced with the typed name.

The names of any inmates who formerly were or currently are plaintiffs in this litigation should not be redacted. The County may, however, continue to redact the names of inmates that complained of conditions but are not a part of the litigation, the names of inmates with AIDS or who were housed in the BMU, and the names of County employees sought in interrogatory 33.

**Plaintiff Pulley's Motion, DE [831]**

Carleton Pulley seeks "all documents. . . under rule 33 and 34." Specifically, he seeks his medical records as well as responses to those demands for which the County defendants did not produce documents, but rather stated that a request had been made and that production would be forthcoming if relevant documents were found. The County defendants state that their responses were adequate, and that Pulley's medical records were recently received and sent.

8

The portion of Pulley's motion regarding his medical records is denied as moot. I disagree, however, with the County defendants' assessment that their responses to document requests 3, 9, 10, and 11 were adequate. In those responses, the County states that "request has been made and upon receipt of relevant documents, if any, same will be produced." This language implies that a specific search was underway and that further response would be forthcoming. The County is directed to supplement its response to document demand numbers 3, 9, 10, and 11 and either produce responsive documents or indicate that a search has been made and that no responsive documents exist.

In addition, although Pulley did not address specific interrogatories, the County used the identical response regarding a "request" having been made in its responses to interrogatories 12 and 31. For the same reasons as discussed above, the County is directed to supplement its response to those two demands.

**Plaintiff Vallejos' Motion DE [840]**

To the extent Vallejos is seeking an order compelling responses to one of his document demands, *see* DE [394], [397], & [563], the motion is denied. The purpose of the court's February 11th order leading to issuance of the Demands was to avoid duplicate or burdensome discovery. Although neither the February 11th order nor the Demands explicitly state that no other discovery demands may be served by plaintiffs, that result is clearly implied. The Demands represent discovery requests from the twenty-three moving plaintiffs and specifically state that the remaining plaintiffs have waived discovery. It does not state or imply that the moving plaintiffs are entitled to <u>additional</u> discovery beyond the Demands. Thus, to the extent Vallejos' motion seeks to compel responses to his other discovery requests, it is denied.

## CONCLUSION

For the reasons set forth above, the motions submitted by plaintiffs Pulley, DE [831] and Cowan, DE [833], are granted; plaintiff Vallejos' motion, DE [840], is denied.

The unusual procedural posture of this case presents an issue regarding whether any of the other moving plaintiffs should reap the benefits of this motion. It is clear that a pro se litigant cannot raise arguments on behalf of his fellow plaintiffs. On the other hand, the court has identified numerous issues and deficiencies, many of which might not be readily apparent to a pro se litigant. In an abundance of caution, I find that any portion of the above order pertaining to materials contained in Exhibits B and C should be served on all of the twenty-three moving plaintiffs. In addition, general deficiencies, such as non-answers, should also be cured as to all of the twenty-three moving plaintiffs. Accordingly, the County shall, **by March 14, 2014,** supplement their responses to the following Demands, consistent with the above rulings, and provide them to all of the twenty-three moving plaintiffs:

- document demands 3, 9, 10, and 11
- interrogatories 5, 8, 12, 13, 27, 30, 31, 35, 36, and 37
- Exhibits B and C redacted as discussed above

As Cowan is the sole plaintiff to raise an issue regarding redaction of medical providers, the County need only re-produce his records to him, consistent with this order.

A copy of this order will be served on the twenty-three moving plaintiffs by the court. As the remaining plaintiffs were not served with the original responses and have waived discovery pursuant to the court's prior orders, copies of this order will not be sent to them.

Dated: Central Islip, New York
February 26, 2014

**SO ORDERED:**

 /s/ William D. Wall
WILLIAM D. WALL
United States Magistrate Judge

10