UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
WALTER LEE ANDERSON, et al.,

        Plaintiffs,

-against-

MICHAEL SPOSATO, individually and
in his official capacity as Nassau County
Sheriff, et al.,

        Defendants.
----------------------------------------------------X
FEUERSTEIN, District Judge

**ORDER**
11-CV-5663 (SJF)(WDW)

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★    JUN 09 2014   ★

LONG ISLAND OFFICE

      By Order dated February 13, 2012 (the "Consolidation Order"), *inter alia*: (a) thirty-three (33) complaints brought by incarcerated *pro se* plaintiffs pursuant to 42 U.S.C. § 1983 ("Section 1983") challenging the conditions at the Nassau County Correctional Center ("NCCC") were consolidated for all purposes to proceed under the lead case, Anderson, et al. v. Sposato, et al., No. 11-CV-5663; and (b) all subsequently filed *pro se* actions relating to the subject matter of the consolidated action were directed to be consolidated under the lead case docket number. Currently there are sixty-two (62) complaints consolidated under the lead case docket number.

      Mail sent by the Court to the following two (2) plaintiffs in the consolidated action has recently been returned to the Court as undeliverable: Linzy T. Moore (Doc. Nos. 930, 940, 943, 963 and 957) and Samuel Cephas (Doc. Nos. 958 and 965). Neither of those plaintiffs have notified the Court of a change of address or otherwise provided updated contact information to the Court.

      "The duty to inform the Court and defendants of any change of address is 'an obligation that rests with all *pro se* plaintiffs.'" Alomar v. Recard, No. 07-CV-5654, 2010 WL 451047, at * 2 (S.D.N.Y. Feb. 9, 2010) (quoting Handlin v. Garvey, No. 91 Civ. 6777, 1996 WL 673823, at * 5 (S.D.N.Y. Nov. 20, 1996)); see also Hayes v. Shield, No. 11 Civ. 3714, 2012 WL 3114843, at * 1 (S.D.N.Y. July 5, 2012), report and recommendation adopted by 2012 WL 3115798

(S.D.N.Y. Aug. 1, 2012); Ackridge v. Martinez, No. 09 Civ. 10400, 2011 WL 5865265, at * 3 (S.D.N.Y. Nov. 22, 2011) ("[W]hen a party changes addresses, it is his obligation to notify the court of his new address."). The above-named plaintiffs cannot proceed with their claims unless the Court is able to contact them to, *inter alia*, serve orders and schedule trial. See, e.g. United States ex rel. Roundtree v. Health and Hospitals Police Dept. of New York, No. 06 Civ. 212, 2007 WL 1428428, at * 1, 2 (S.D.N.Y. May 14, 2007) (holding that "defendants are at a severe disadvantage in not knowing the address of the pro se litigant who has brought suit against them."); Austin v. Lynch, No. 10 Civ. 7534, 2011 WL 5924378, at * 2 (S.D.N.Y. Nov. 29, 2011), report and recommendation adopted by 2011 WL 6399622 (S.D.N.Y. Dec. 20, 2011) ("Courts have repeatedly recognized that dismissal for failure to prosecute is appropriate where a plaintiff effectively disappears by failing to provide a current address at which he or she can be reached."); Coleman v. Doe, No. 05-cv-5849, 2006 WL 2357846, at * 3 (E.D.N.Y. Aug. 14, 2006) ("To require defendants to move forward would be impossible without plaintiff's participation.") "When a pro se litigant fails to provide the Court with notice of a change of address, the Court may dismiss the litigant's claims." Bernard v. Romen, No. 11 cv 6346, 2012 WL 6594622, at * 2 (E.D.N.Y. Oct. 15, 2012), report and recommendation adopted by 2012 WL 6594525 (E.D.N.Y. Dec. 18, 2012).

Accordingly, **on or before June 30, 2014**, Linzy T. Moore and Samuel Cephas must each serve and file an affidavit providing the Court with a new address and telephone number at which he can be contacted.

**THE ABOVE-REFERENCED PLAINTIFFS ARE ADVISED THAT A FAILURE TO COMPLY WITH THIS ORDER WILL RESULT IN THAT PLAINTIFF'S CLAIMS BEING DISMISSED IN THEIR ENTIRETY WITH PREJUDICE PURSUANT TO RULES 37(b)(2)(A)(v) AND 41(b) OF THE FEDERAL RULES OF CIVIL PROCEDURE.**

Pursuant to Rule 77(d)(1) of the Federal Rules of Civil Procedure, the Clerk of the Court is directed to serve notice of entry of this order upon all parties to the consolidated action in accordance with Rule 5(b) of the Federal Rules of Civil Procedure.

**SO ORDERED.**                s/ Sandra J. Feuerstein
　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　Sandra J. Feuerstein
　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

Dated: June 9, 2014
　　　　Central Islip, New York