FILED
IN CLERK'S OFFICE
US DISTRICT COURT E D N Y
★ AUG 21 2014 ★
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
WALTER LEE ANDERSON, et al.,

          Plaintiffs,

-against-

MICHAEL SPOSATO, individually and
in his official capacity as Nassau County
Sheriff, et al.,

          Defendants.
-------------------------------------------------------X

**ORDER**
11-CV-5663 (SJF)(SIL)

FEUERSTEIN, District Judge:

Pending before the Court are objections by the County defendants to an order of the Honorable William D. Wall, former United States Magistrate Judge,[1] dated July 24, 2014 ("the July Order"), denying their motion for reconsideration of his prior order, dated June 17, 2014 ("the June Order"), directing them to serve a "further response to Interrogatory No. 8 indicating what cleaning supplies were made available to inmates for their use and at what frequency," (June Order at 4), upon consolidated plaintiffs Terry Cowan ("Cowan") and Levy Robinson. Only Cowan has served a response to the County defendants' objections. For the reasons stated herein, the County defendants' objections are overruled.

I.    DISCUSSION

    A.    Standard of Review

28 U.S.C. § 636(b)(1)(A) permits a district judge to "designate a magistrate judge to hear

---

[1] On July 31, 2014, this case was reassigned to the Honorable Steven I. Locke, United States Magistrate Judge.

1

and determine any [nondispositive] pretrial matter," not otherwise expressly excluded therein. Any party may serve and file objections to a magistrate judge's order on a nondispositive pretrial matter within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(a). Upon consideration of any timely interposed objections and "reconsider[ation]" of the magistrate judge's order, 28 U.S.C. § 636(b)(1)(A), the district judge must modify or set aside any part of the order that "is clearly erroneous or contrary to law." Id.; see also Fed. R. Civ. P. 72(a). A party may not assign as error any defect in a magistrate judge's order to which he or she has not timely objected. Fed. R. Civ. P. 72(a).

B. Objections

The County defendants contend, *inter alia*: (1) that their references to certain sections of the New York Codes, Rules and Regulations ("the NYCRR") and the Nassau County Sheriff's Department Division of Corrections' Housekeeping Procedures and Inmate Workers ("NCSD Procedures") "set[ting] forth facility sanitation and maintenance, regularity of maintenance and sanitation as well as what cleaning supplies are to be provided to the inmates[,]" (Obj. at 6), in their statement in response to Interrogatory No. 8[2] that "in accordance with [the NYCRR] * * * and [NCSD Procedures] * * * cleaning supplies are made available for use by the inmates," (Obj. at 2), "should be sufficient and considered an acceptable response to the Interrogatory as both the supplies given and with what frequency they are given is indicated by Sections B and C [of the

---

[2] Interrogatory No. 8 asks the County defendants to "[i]ndicate whether cleaning supplies were made available for use by the inmates at the NCCC [Nassau County Correctional Center] at any time during the relevant period[;]" and, if so, to "indicate with what frequency" and "[i]dentify the cleaning supplies made available."

2

NCSD Procedures][,]" (Obj. at 7); (2) that since "the interrogatory as written is addressed not to any one individual person with specific knowledge of the frequency and quantity of which cleaning supplies are given at the NCCC, but rather to County Defendants as a whole[,] * * * unless other amended, [they] believe their response * * * to be wholly responsive[] [because] Fed. R. Civ. P. 33(d) provides that an interrogatory directed at a party may be responded to by producing business records[,]" (Obj. at 7); and (3) that "when a municipality receives an interrogatory, the response must come from any officer or agent, 'who can [sic] furnish the information available to the party[,]' Fed. R. Civ. P. 33(b)(1)(B)[,] [and] [that] language has been uniformly construed to authorize answers by the party's attorney[,]" (Obj. at 7-8).

Magistrate Judge Wall's findings (1) that the County defendants' response to Interrogatory No. 8 "is not meaningful," (June Order at 3); (2) that "further response to Interrogatory No. 8 is required," (id.); (3) that "[t]he County Defendants are patently wrong in saying that their response reveals whether or what supplies were made available and, if so, with what frequency," (July Order at 3); and (4) that "[t]he response to the interrogatory states that the facility is obliged to make supplies available and demonstrates that cleaning supplies were purchased, but there is no hint of whether the regulations were complied with, that is, whether supplies were actually given to the inmates, and, if they were, which specific supplies were distributed and how often that occurred[,]" (id.), are not clearly erroneous or contrary to law.

Moreover, contrary to the County defendants' contention, Rule 33(d) of the Federal Rules of Civil Procedure provides:

> "If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored

3

> information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by: (1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and (2) giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries."

As Magistrate Wall correctly found, the answer to Interrogatory No. 8 is not ascertainable from any of the documents referenced by the County defendants in response thereto. Furthermore, it can hardly be said that the burden of ascertaining the answer from documents produced by the County defendants will be substantially the same for the incarcerated *pro se* plaintiffs as it would be for the County defendants and/or their counsel. Accordingly, nothing in Rule 33(d) of the Federal Rules of Civil Procedure excuses the County defendants from providing a proper and meaningful response to Interrogatory No. 8.

Neither does Rule 33(b)(1)(B) of the Federal Rules of Civil Procedure help the County defendants. Although Rule 33(b)(1)(B) authorizes "any officer or agent" of, *inter alia*, a governmental agency to answer interrogatories on its behalf, it further provides that such officer or agent "*must* furnish the information available to the party." Fed. R. Civ. P. 33(b)(1)(B) (emphasis added). Thus, assuming, *arguendo*, that Rule 33(b)(1)(B) authorizes an attorney to answer the interrogatories on behalf of the County defendants, it further requires such attorney to furnish a proper response to Interrogatory No. 8 to Cowan and Robinson, which is what Magistrate Wall's June and July Orders direct them to do. Accordingly, the County defendants' objections are overruled.

## II. CONCLUSION

Upon consideration of the County defendants' objections and Cowan's response thereto, and reconsideration of Magistrate Judge Wall's June and July Orders, the County defendants' objections are overruled. The County defendants must serve a proper response to Interrogatory No. 8 in accordance with Magistrate Judge Wall's June and July Orders upon Cowan and Robinson **on or before September 8, 2014** or they will be precluded from offering any evidence at trial on the issue of whether cleaning supplies were provided to inmates at the NCCC during the relevant period. As the County defendants have had at least three (3) months to procure and provide this information, no further extensions of time will be granted.

SO ORDERED.

s/ Sandra J. Feuertein

SANDRA J. FEUERSTEIN
United States District Judge

Dated: August 21, 2014
Central Islip, New York