UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
WALTER LEE ANDERSON, et al.,

               Plaintiffs,

         -against-

MICHAEL SPOSATO, individually and
in his official capacity as Nassau County
Sheriff, et al.,

               Defendants.
------------------------------------------------------X

**ORDER**
11-CV-5663 (SJF)(SIL)

FEUERSTEIN, District Judge:

Pending before the Court is a Report and Recommendation of the Honorable Steven I. Locke, United States Magistrate Judge, dated February 12, 2016 ("the Report"), recommending, *inter alia*, (1) that defendants' motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure be granted with respect to (a) all claims against the individual defendants, the "Nassau County Correction Officers" and the NCSD, (b) all claims of consolidated plaintiffs Terrell Li, Edwin Morejon, Ricardo Marsden, Walter Lee Anderson, Christopher Briggs, Terry L. Cowan, Raheem Edwards, James Erickson, Javon Steven Gamble, Rhamel Lawson, Lawrence Mason, Shawn Peterson ("Peterson"), Ralique Robinson, John Vallejos and Jason Whitaker, and (c) all claims of consolidated plaintiff Rickey Lynch ("Lynch") against the remaining defendants, except for his claims relating to the alleged failure to provide him with a "renal diet;" (2) that defendants' motion otherwise be denied; and (3) that Lynch's cross motion to supplement his second amended complaint pursuant to Rule 15(d) of the Federal Rules of Civil Procedure be granted to the extent of allowing Lynch to supplement his second amended complaint to add allegations relating to his grievance bearing number 136-07-13

1

("Grievance 136-07-13"), and otherwise be denied. The Report advised the parties, *inter alia*, (1) that "[a]ny objections to th[e] Report . . . must be filed with the Clerk of the Court within 14 days," (Report at 67) (citing 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a) and 72); and (2) that a "[f]ailure to file objections within th[at] period waives the right to appeal. . . ." (Id.) (citing Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010); Ferrer v. Woliver, No. 05-3696, 2008 WL 4951035, at * 2 (2d Cir. Nov. 20, 2008) and Cephas v. Nash, 328 F.3d 98, 107 (2d Cir. 2003)).

A copy of the Report was served upon the attorneys of record for the parties via ECF on February 12, 2016. (Docket Entry ["DE"] 1119). By electronic order entered February 19, 2016, I granted, upon the consent of all parties, the motion of James Concemore Neville, Esq., *pro bono* counsel for all of the consolidated plaintiffs except Lynch, seeking an extension of time to file objections to the Report until March 30, 2016.

On March 29, 2016, Mr. Neville filed a letter (1) indicating, in relevant part, that "[a]fter vigorous research and study, [he] . . . decided that there exist no good-faith objections to [the Report[,]" (DE 1121), and (2) enclosing Peterson's *pro se* objections to the Report. With the exception of Peterson, no other party has filed any objection to the Report, nor sought a further extension of time to do so. For the reasons set forth herein, Magistrate Judge Locke's Report is accepted in its entirety.

I. DISCUSSION

A. Standard of Review

Rule 72 of the Federal Rules of Civil Procedure permits magistrate judges to conduct

proceedings on dispositive pretrial matters without the consent of the parties.  Fed. R. Civ. P. 72(b); see Marcella v. Capital Dist. Physicians' Health Plan, Inc., 293 F.3d 42, 46 (2d Cir. 2002). Any party may serve and file written objections to a report and recommendation of a magistrate judge within fourteen (14) days after being served with a copy thereof.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  Any portion of a report and recommendation on dispositive matters to which a specific, timely objection has been made is reviewed *de novo.*  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

However, the court is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed.  See Thomas v. Arn*,* 474 U.S. 140, 150, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives [judicial] review of a decision in a magistrate judge's report and recommendation if the party fails to file timely objections designating the particular issue."); Cephas v. Nash, 328 F.3d 98, 107 (2d Cir. 2003) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point.")  Specifically, where, as here, the parties "received clear notice of the consequences of the failure to object" to a report and recommendation, Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992) (quotations and citation omitted), their "failure to object timely to [that] report waives any further judicial review of the report."  Id.; see also Caidor v. Onondago County, 517 F.3d 601, 604 (2d Cir. 2008); Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993).

"Although this rule applies equally to counseled and *pro se* litigants, it is 'a nonjurisdictional waiver provision whose violation [the Court] may excuse in the interests of

3

justice.'" King v. City of New York, Dep't of Corr., 419 F. App'x 25, 27 (2d Cir. Apr. 4, 2011) (summary order) (quoting Roldan, 984 F.2d at 89); see also DeLeon v. Strack, 234 F.3d 84, 86 (2d Cir. 2000). "Such discretion is exercised based on, among other factors, whether the defaulted argument has substantial merit or, put otherwise, whether the magistrate judge committed plain error in ruling against the defaulting party." Spence v. Superintendent, Great Meadow Corr. Facility, 219 F.3d 162, 174 (2d Cir. 2000); accord King, 419 F. App'x at 27.

Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Sentry Ins. A Mut. Co. v. Brand Mgmt., Inc., 295 F.R.D. 1, 2 (E.D.N.Y. 2013); North Shore-Long Island Jewish Health Care Sys., Inc. v. MultiPlan, Inc., 953 F. Supp. 2d 419, 424 (E.D.N.Y. 2013).

B. Peterson's Objections

Peterson objects to only so much of the Report as recommends that the branch of defendants' motion seeking summary judgment dismissing his claims for failure to exhaust his administrative remedies be granted. According to Peterson, Magistrate Judge Locke erred in purportedly "deem[ing]" the grievance he filed on April 16, 2012 ("Grievance 102-04-12"), after he filed his amended complaint, to be "futile," (DE 1121 at 2), because he submitted Grievance 102-04-12 "merely to demonstrate to the Court[] 'that it had been stamped with an "official" date [and] time received[] . . . [and] signed and dated in Section II of said Grievance Form.'" (Id.) Peterson requests that the Court "reconsider[]" Grievance 102-04-12, "[a]s it is, clearly, 'documentary proof[]' of the NCCC's 'proper' protocol for processing an Inmate's Grievance."

4

(Id. at 3). According to Peterson, since the grievance dated January 5, 2012 ("Grievance 063-01-12") "bears none of th[at] intrinsic information[,] [i]t should be questioned [1] 'whether the NCCC's Grievance Unit staff followed proper protocol[] in processing [Grievance 063-01-12][;] [a]nd [2] how, would 'not' following protocol[] affect the Inmate Grievant's ability to effectively respond to said grievance?" (Id.)

Grievance 102-04-12, and Peterson's speculative assertions about "proper protocol," "could not lead a rational trier of fact to find for [him]," Ricci v. DeStefano, 557 U.S. 557, 129 S. Ct. 2658, 2677, 174 L. Ed. 2d 490 (2009), and, thus, are insufficient to defeat the County defendants' motion for summary judgment. See, e.g. Fabrikant v. French, 691 F.3d 193, 205 (2d Cir. 2012) ("The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient to defeat a summary judgment motion. . . . Likewise, conclusory statements or mere allegations will not suffice to defeat a summary judgment motion." (quotations and citation omitted)); Lyons v. Lancer Ins. Co., 681 F.3d 50, 56 (2d Cir. 2012) (holding that the nonmoving party can only defeat summary judgment by "adduc[ing] evidence on which the jury could reasonably find for that party." (quotations, brackets and citation omitted)). Accordingly, upon *de novo* review of the Report, the operative pleadings, all motion papers relating to Peterson's claims, and Peterson's objections thereto, so much of the Report as recommends that the branch of defendants' motion seeking summary judgment dismissing Peterson's claims for failure to exhaust his administrative remedies be granted is accepted in its entirety.

### C. Review of Report

Although the Report provided the parties with the requisite "express warning" of the consequences of a failure to timely file objections thereto, Caidor, 517 F.3d at 603, no other party filed any objections to the Report, nor sought a further extension of time to do so. Accordingly, except for Peterson, all of the other parties remaining in this consolidated action have "waive[d] any further judicial review of the findings contained in the [R]eport." Spence, 219 F.3d at 174.

As the remainder of the Report is not plainly erroneous, the Court will not exercise its discretion to excuse the parties' default in filing timely objections to the Report in the interests of justice. Accordingly, the Report is accepted in its entirety and, for the reasons set forth therein, (1) defendants' motion seeking summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure is granted to the extent (a) that all claims against the individual defendants, "Nassau County Correctional Officers" and Nassau County Sheriff's Department are dismissed in their entirety with prejudice; (b) that the claims of James Erickson and Ralique Robinson are dismissed in their entirety with prejudice for failure to exhaust administrative remedies and to comply with the Court's orders dated February 11, 2013 and April 22, 2014; (c) that the claims of Walter Lee Anderson, Raheem Edwards, Javon Steven Gamble, Rhamel Lawson, Terrell Li, Lawrence Mason and Edwin Morejon are dismissed in their entirety with prejudice for failure to exhaust administrative remedies and to comply with the Court's order dated February 11, 2013; (d) that the claims of Ricardo Marsden, Christopher Briggs, Terry L. Cowan, Shawn Peterson, John Vallejos and Jason Whitaker are dismissed in their entirety with prejudice for failure to exhaust administrative remedies; and (e) that with the exception of his claims relating to the alleged failure to provide him with a "renal diet," and as related to his grievances bearing the

numbers 165-04-13, 052-05-13 and 038-06-13, the claims of Rickey Lynch are dismissed in their entirety with prejudice for failure to exhaust administrative remedies, and defendants' motion is otherwise denied; and (2) Lynch's cross motion seeking to supplement his second amended complaint pursuant to Rule 15(d) of the Federal Rules of Civil Procedure is granted to the extent that Lynch's second amended complaint is deemed amended to include the allegations set forth in Grievance 136-07-13, and Lynch's cross motion is otherwise denied.

III. Conclusion

For the reasons set forth herein, Magistrate Judge Locke's Report is accepted in its entirety, and, for the reasons set forth therein, (1) defendants' motion seeking summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure is granted to the extent (a) that all claims against the individual defendants, "Nassau County Correctional Officers" and Nassau County Sheriff's Department are dismissed in their entirety with prejudice; (b) that the claims of James Erickson and Ralique Robinson are dismissed in their entirety with prejudice for failure to exhaust administrative remedies and to comply with the Court's orders dated February 11, 2013 and April 22, 2014; (c) that the claims of Walter Lee Anderson, Raheem Edwards, Javon Steven Gamble, Rhamel Lawson, Terrell Li, Lawrence Mason and Edwin Morejon are dismissed in their entirety with prejudice for failure to exhaust administrative remedies and to comply with the Court's order dated February 11, 2013; (d) that the claims of Ricardo Marsden, Christopher Briggs, Terry L. Cowan, Shawn Peterson, John Vallejos and Jason Whitaker are dismissed in their entirety with prejudice for failure to exhaust administrative remedies; and (e) that with the exception of his claims relating to the alleged failure to provide him with a "renal diet," and as

related to his grievances bearing the numbers 165-04-13, 052-05-13 and 038-06-13, the claims of Rickey Lynch are dismissed in their entirety with prejudice for failure to exhaust administrative remedies, and defendants' motion is otherwise denied; and (2) Lynch's cross motion seeking to supplement his second amended complaint pursuant to Rule 15(d) of the Federal Rules of Civil Procedure is granted to the extent that Lynch's second amended complaint is deemed amended to include the allegations set forth in Grievance 136-07-13, and Lynch's cross motion is otherwise denied.

Since Lynch's remaining claims relating to the failure to provide him with a "renal diet" do not involve questions of law or fact in common with Pulley's and Levy Robinson's claims, the Clerk of the Court shall sever Lynch's remaining claims against the County and re-open them under docket number 11-cv-6267 for the purpose of trial. A pretrial conference will be held before me in the reopened case **on Monday, May 23, 2016 at 11:00 a.m.**, at the Central Islip Courthouse, located at 100 Federal Plaza, Central Islip, New York 11722, at which time, *inter alia*, the trial on Lynch's remaining claims against the County will be scheduled.

Moreover, in light of the dissimilarities between Pulley's and Levy Robinson's claims[1],

---

[1] Levy Robinson challenges certain conditions purportedly existing at the NCCC from January 21, 2012 through January 23, 2013, (see Narrative Statement filed by Levy Robinson in 11-cv-5663 at DE 740 ["Robinson Narr."] at 4); whereas Pulley challenges other conditions purportedly existing at the NCCC from August or September 2011, (see Pulley Complaint filed in 12-cv-0786 ["Pulley Compl."], ¶ IV), to February 10, 2012, when he, and two (2) other consolidated plaintiffs whose claims have since been dismissed, filed an amended complaint, (see Pulley Amended Complaint filed in 11-cv-5663 at DE 17 ["Pulley Am. Compl."], ¶ 10). The only claims that Pulley and Levy Robinson have in common is that their cells at the NCCC were allegedly freezing cold in January and February 2012, (see Complaint filed by Levy Robinson in 12-cv-1450 ["Robinson Compl."], ¶ IV(A); Robinson Narr. at 4; Pulley Am. Compl., ¶ 14); and that there purportedly were rodents, rodent feces and roaches in their cells and other areas at the NCCC, (Robinson Narr. at 5; Pulley Am. Compl., ¶ 13).

and the prejudice to the County resulting therefrom, the Clerk of the Court shall sever Pulley's and Levy Robinson's claims against the County and re-open them under docket numbers 12-cv-786 and 12-cv-1450, respectively, for the purpose of trial.[2] Pretrial conferences will be held before me in both of the reopened cases **on Tuesday, June 14, 2016 at 11:00 a.m.**, at the Central Islip Courthouse, located at 100 Federal Plaza, Central Islip, New York 11722, at which time, *inter alia*, the trials on Pulley's and Levy Robinson's claims will be scheduled.

The Clerk of the Court shall enter judgment in favor of defendants and against the remaining consolidated plaintiffs in this action and close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed.2d 21 (1962).

SO ORDERED.

/s/
SANDRA J. FEUERSTEIN
United States District Judge

Dated: March 31, 2016
Central Islip, New York

---

[2] Although Levy Robinson did not name the County as a defendant in his complaint, his claims against Sheriff Sposato in his official capacity are construed to be against the County. Thus, and in light of the dismissal of his claims against the individual defendants as set forth herein and in the Report, the Clerk of the Court shall amend the caption of the reopened action under docket number 12-cv-1450 to: Levy Robinson v. County of Nassau.